■ In the Matter of UNICORN DEVELOPERS, LTD., Respondent, v COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Appellant.—In a proceeding pursuant to CPLR article 78 to prohibit the New York State Commissioner of Labor from filing certain administrative orders as judgments pursuant to Labor Law § 220-b, the Commissioner of Labor of the State of New York appeals from so much of a judgment of the Supreme Court, Suffolk County (Copertino, J.), dated July 5, 1990, as granted the petition with respect to an administrative order dated March 4, 1987, pertaining to work performed at

the Pilgrim Psychiatric Center *(see, Matter of Unicorn Developers v Commissioner of Labor of State of N. Y.,* 147 Misc 2d 717).

Ordered that the judgment is reversed insofar as appealed from, on the law with costs, and the petition is dismissed insofar as it sought to enjoin the Commissioner from using the 1989 amendments to Labor Law §§ 220 and 220-b to file and docket an administrative order dated March 4, 1987.

After hearings were conducted in 1987 pursuant to Labor Law §§ 220 and 220-b, the New York State Commissioner of Labor entered an administrative order finding, *inter alia,* that a subcontractor hired by the prime contractor, Unicorn Developers, Ltd. (hereinafter Unicorn), had failed to pay prevailing wages and supplements to certain employees who had worked on a public construction project at Pilgrim State Psychiatric Center. Notably, Labor Law § 223 makes a prime contractor responsible for its subcontractor's failure to make proper wage and wage supplement payments. Subsequent to the Commissioner's entry of the order in March 1987, neither the subcontractor nor Unicorn paid the sums due thereunder. The State deducted moneys from Unicorn's contract payments on account of Unicorn's obligations under the order, but these deductions were insufficient to satisfy those obligations. In May 1989 the Commissioner commenced an action in the Supreme Court, Kings County, on behalf of the affected employees, to recoup the remaining sums due *(see,* Labor Law § 196 [1] [b]).

Approximately two months after the Commissioner commenced her action in the Supreme Court, the Legislature amended Labor Law § 220 (8) and § 220-b (2) (f) *(see,* L 1989, ch 642, §§ 1, 2, eff July 21, 1989). Pursuant to the foregoing amendments, the Commissioner was authorized, *inter alia,* to file an administrative order with the county clerk in the county where the employer resides or has his or her place of business, after which the "order shall have the full force and effect of a judgment duly docketed in the office of such clerk". Under this scheme, there was no need to commence a plenary action to enforce outstanding wage claims, since the Commissioner could docket an administrative order immediately as a judgment. That filing remedy was available, however, only if no proceeding for judicial review of the Commissioner's order was pending and provided that "the time for initiation of such proceeding shall have expired" (Labor Law § 220-b [2] [f]; § 220 [8]).

. After the enactment of the 1989 amendments, the Commis-

sioner sought to utilize the new procedure by filing the administrative order which she had earlier attempted to enforce through the commencement of a plenary action. Unicorn thereupon commenced the instant proceeding pursuant to CPLR article 78, demanding that the Commissioner "withdraw and nullify" the administrative order filed as a judgment pursuant to the 1989 amendments. According to Unicorn, the retroactive application of the new filing procedure to the Commissioner's 1987 administrative order would, *inter alia,* deprive Unicorn of its due process rights, in particular, its right to assert defenses, including the defense of the Statute of Limitations. We disagree.

Although statutes are generally applied prospectively in the absence of language allowing retroactive effect *(see, Dorfman v Leidner,* 76 NY2d 956, 959), an exception is often made for "so-called remedial legislation or statutes dealing with procedural matters" *(Becker v Huss Co.,* 43 NY2d 527, 540; *Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.],* 164 AD2d 41). A review of the 1989 amendments establishes that, as applied within the present context, they are clearly remedial and procedural in nature. The amendments merely establish a streamlined method for enforcing administrative orders against employers who, *inter alia,* have violated the Labor Law and who have failed to seek judicial review of the Commissioner's administrative determinations to that effect. The filing procedures—which can only be utilized after the employer's time to seek judicial review of the Commissioner's determination has expired—do not create any new substantive bases of liability, effect no change in the prevailing standard of review before the administrative agency, and do not in any sense curtail or limit the employer's right to seek judicial review of the administrative order through the commencement of a proceeding pursuant to CPLR article 78. Although Unicorn objects to the Commissioner's use of the new filing methods, it never sought judicial review of the Commissioner's findings with respect to its liability for wages and supplements.

Nor in this instance would the Commissioner's reliance upon the 1989 amendments deprive Unicorn of a vested right to the assertion of a Statute of Limitations defense. The plenary action was timely commenced within the applicable three-year period of limitations prescribed by Labor Law § 220-b (3) (a).

Under the circumstances, the Commissioner's use of the 1989 amendments was neither barred by any due process

considerations nor precluded by principles governing the retroactive application of statutory enactments. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.