■ IRA M. CHASSEN, Appellant, v CHATSWORTH, LLC, Respondent, et al., Defendants. [756 NYS2d 550] —Order and judg-

ment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered on or about March 14, 2002, which denied plaintiff's motion for summary judgment, granted the cross motion of defendant Chatsworth, LLC, for summary judgment, declaring that the Rent Stabilization Code was applicable to the subject apartment units and that plaintiff was not entitled to occupy or sublet the apartments, and otherwise dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, a proprietary lessee of 20 apartments in the subject building during the time the building was owned by a residential cooperative corporation, sought a declaration that he was entitled to possess and sublease the apartments notwithstanding the building's transfer to defendant-respondent's ownership as a consequence of the foreclosure of the mortgage upon the premises. The relief sought by plaintiff was correctly denied and a declaration properly made in defendant-respondent's favor. Pursuant to the December 2000 amendment to the Rent Stabilization Code (9 NYCRR 2520.11 [*l*] [1]), "where cooperative or condominium ownership of such building no longer exists (deconversion), because the cooperative corporation or condominium association loses title to the building upon a foreclosure of the underlying mortgage or otherwise, * * * such housing accommodations shall revert to regulation pursuant to the [Rent Stabilization Law] and this Code." Under rent stabilization, plaintiff, who has never occupied any of the units at issue as a primary residence, is not entitled to possession of or to sublet the units (*see* 9 NYCRR 2520.11 [*l*] [1] [i] [d] [3]; 2525.6 [a]; Real Property Law § 226-b). Because the December 2000 amendment to the Rent Stabilization Code was remedial, the motion court properly applied it retroactively (*see Matter of Unicorn Devs. v Commissioner of Labor of State of N.Y.*, 190 AD2d 807, 809 [1993]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Buckley, Rosenberger and Marlow, JJ.