John L. Flynn, J.
Petitioner brings this article 78 proceeding to review the determination of the Police Commissioner of the City of New York in dismissing petitioner from the Police Department of the City of New York.
Petitioner was charged "with conducting himself in a manner tending to bring adverse criticism on the Police Department in that he did live with a certain unmarried woman as man and wife, while in fact married to someone else, in addition to other conduct arising out of his relationship with this woman and various other violations of Police Department rules. A departmental trial was conducted, after which it was determined that petitioner was guilty of said charges. It was recommended that petitioner be dismissed from the Police Department. The Police Commissioner approved the recommendations and findings, and petitioner was dismissed.
This court is not called upon to review the evidence or the proof submitted in order to find the reasonableness of the department’s determination in finding the petitioner guilty of the charge but, rather, to determine whether the penalty or punishment imposed was unreasonable, arbitrary or capricious (see Matter of O’Shea v. Martin, 34 Misc 2d 987). Petitioner admits the conduct charged, but contends that the punishment imposed was excessive.
A police officer plays a unique role in society. He is the guardian of the public safety and is set up as a model to be emulated. He must at all times be free to exercise his judgment in performing his duties and can never act in a manner which would tend to destroy the public’s confidence in his integrity. Not only his official conduct, but the manner in which he conducts himself while not on duty reflects upon his integrity and upon his ability to perform his duties. This court, therefore, cannot say that the punishment imposed upon petitioner was so disproportionate to his conduct as to be arbitrary, capricious or unreasonable. The Police Department has the responsibility to maintain the discipline of its officers, and in the execution of said responsibility it appears that the Police Commissioner’s determination was within the lawful and valid exercise of his discretion.
Accordingly, the application is denied and the petition dismissed.