■ In the Matter of JOHN W. MEYER, Petitioner, v SAMUEL ROZZI, as Commissioner of Police of the County of Nassau, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Nassau County Police Department dated May 26, 1983, which, after a hearing, found petitioner guilty of three charges and specifications involving conduct unbecoming a police officer and imposed a fine of 10 days' pay for each such violation.

Determination confirmed and proceeding dismissed, on the merits, without costs or disbursements.

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner, on three separate occasions, wrote derogatory remarks, with sexual or ethnic connotations, about two fellow police officers on the door of a stall located in the men's room of a precinct (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of 330 Rest. Corp. v State Liq. Auth.,* 26 NY2d 375). Furthermore, the sanction imposed (a fine of 10 days' pay for each charge and specification of which petitioner was found guilty) was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*Matter of*

*Pell v Board of Educ.,* 34 NY2d 222). Much deference is to be accorded to the agency's determination regarding the penalty imposed (*Matter of Ahsaf v Nyquist,* 37 NY2d 182), particularly where matters of internal discipline in the police department are concerned (*see, Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of O'Connor v Frank,* 38 NY2d 963; *Matter of Steward v Leary,* 57 Misc 2d 792). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.