■ EUGENE RICHICHI, Petitioner, v MATTHEW GALLIGAN, as City Manager of the City of Newburgh, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent City Manager of the City of Newburgh, dated April 9, 1986, which after a hearing, found the petitioner guilty of violating (1) article XII (2) of the Rules and Regulations of the City of Newburgh Police Department (hereinafter the Rules) for disrespect to a superior officer, (2) article XIII (12) of the Rules for failure to conduct himself in a manner that would foster the greatest harmony and cooperation between officers, (3) article II (5) of the Rules for insubordination in the making of ridiculing statements to a superior officer, and (4) article II (1) of the Rules for insubordination in failing to carry out a direct order of a superior officer, and demoted him from the position of detective to patrolman.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

We find substantial evidence in the record to support the determination of the respondent finding the petitioner guilty of insubordination and related charges *(see,* CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230, 231). A police force is a quasi-military organization demanding strict discipline *(Matter of De Bois v Rozzi,* 114 AD2d 848) and much deference is to be accorded the internal discipline of, and the penalties imposed upon, its members *(see, Matter of Meyer v Rozzi,* 108 AD2d 859).

The petitioner's showing of disrespect to his superior officer cannot be sanctioned since such behavior poses a serious threat to the discipline and the efficiency of the agency's operation. Under the circumstances, the sanction of demotion in rank is not disproportionate to the offense *(see, Matter of*

*Wahl v Lehman,* 67 AD2d 930). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.