■ In the Matter of KENNETH BOYCE, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—

Upon review of this record, we conclude that the Commissioner's findings are supported by substantial evidence and,

therefore, should not be disturbed. *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.) The Police Department's sole eyewitness testified that petitioner had attempted to utilize his position as a police officer to solicit oral sex at the Miyako Massage Parlour and, when rebuffed, had gone on a drunken rampage with his three companions, also police officers, which included the acts of urinating on a table containing food valued at $250 and damaging walls, doors, and light fixtures. This testimony, which was fully credited by the Hearing Officer, was sufficient to support the charges, and did not require corroboration. *(Matter of Berenhaus v Ward,* 70 NY2d 436.)

We further find that the sanction imposed was not so disproportionate to the offenses as to shock one's sense of fairness. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234.)￼ Much deference is to be accorded an agency's imposition of penalties *(Matter of Ahsaf v Nyquist,* 37 NY2d 182), particularly where matters of internal discipline in the Police Department are concerned. *(Matter of Meyer v Rozzi,* 108 AD2d 859, 860.)￼ Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.