■ In the Matter of HAROLD STEINBERG, Appellant, v EUGENE T. DOOLEY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Sheriff of Suffolk County, dated December 12, 1988, which, after a hearing, found the petitioner guilty of violating (1) Suffolk County Sheriff's Department Operations and Proce-

dures Guide § 1.9 for failure to promptly obey all lawful orders, instructions, directions, and requests of superior officers in connection with an official investigation and (2) section 2.8 of the guide for knowingly giving inaccurate answers to questions asked by investigators of the Internal Affairs Section in connection with an official investigation, and imposed a penalty of a 60-day suspension, without pay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Substantial evidence in the record supports the determination of the respondent Sheriff of Suffolk County finding the petitioner guilty of refusing to answer and answering untruthfully certain questions posed to him during an official investigation by the Internal Affairs Section in violation of sections 1.9 and 2.8 of the Suffolk County Sheriff's Department Operations and Procedures Guide (see, CPLR 7803 [4]; see generally, Matter of Pell v Board of Educ., 34 NY2d 222, 230, 231). A police force is a quasi military organization demanding strict discipline (see, Matter of De Bois v Rozzi, 114 AD2d 848) and great deference is to be accorded to determinations regarding the internal discipline of its members (see, Richichi v Galligan, 136 AD2d 616). In addition, we find no merit to the petitioner's contentions that his rights to counsel and due process were violated.

The petitioner's conduct during the official investigation by the Internal Affairs Section cannot be abided since such behavior poses a serious threat to the discipline and efficiency of the agency's operation (see, Matter of Billings v County of St. Lawrence, 139 AD2d 809, 810; Richichi v Galligan, supra). Under the circumstances, we find that the penalty imposed was not so disproportionate to the offenses as to be "shocking to one's sense of fairness" (Matter of Pell v Board of Educ., supra, at 234). Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.