■ In the Matter of PHILIP HICKEY, Petitioner, v WILLIAM BRATTON, as Chief of the New York City Transit Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Police Department, dated January 1, 1990, which, after a hearing, found the petitioner guilty of violating chapter 2 of paragraph 10 of the Rules and Regulations of the Manual of the New York City Transit Police

Department, for his failure to observe strict propriety of conduct at all times, and imposed the penalty of dismissal.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Substantial evidence in the record supports the determination of the respondent New York City Transit Police Department finding the petitioner guilty of failing to observe strict propriety of conduct at all times during an incident on January 23, 1989, in violation of chapter 2 of paragraph 10 of the Rules and Regulations of the Manual of the New York City Transit Police Department *(see,* CPLR 7803 [4]; *see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). A police force is a quasi-military organization demanding strict discipline *(see, Matter of Steinberg v Dooley,* 168 AD2d 499; *Matter of De Bois v Rozzi,* 114 AD2d 848), and great deference is to be accorded to determinations regarding the internal discipline of its members *(see, Richichi v Galligan,* 136 AD2d 616).

The petitioner's conduct during the subject incident, wherein he struck a civilian cannot be abided. This behavior poses a serious threat to the confidence the public must hold in the police force *(see, Matter of Alfieri v Murphy,* 38 NY2d 976). Under the circumstances, including the petitioner's prior recent conduct which was the subject of disciplinary action, we find that the penalty imposed was not so disproportionate to the offense as to be "shocking to one's sense of fairness" *(Matter of Pell v Board of Educ., supra,* at 234). Moreover, we find that the Hearing Officer was not required to recuse herself from this case on the sole basis that she had rendered findings of fact adverse to the petitioner in a prior Trial Board hearing of disciplinary charges against him, and that she did not improvidently exercise her discretion in declining to do so *(see, People v Moreno,* 70 NY2d 403, 405; *Matter of Hall v Del Castillo,* 174 AD2d 743).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.