■ In the Matter of RAYMOND ALSTON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated February 8, 1990, which, after a hearing, found the petitioner guilty of the use of excessive force and indecent language, and imposed a penalty of a 30-day suspension, without pay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination under review, insofar as it sustained the two specifications listed in the respondent's notification of charges dated September 11, 1989, is supported by substantial evidence *(see,* CPLR 7803 [4]; *Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Hannon v Cuomo,* 52 NY2d 775; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The Hearing Officer credited the testimony of the complainant and another witness to the effect that the petitioner, a New York City Transit Police Sergeant, violently forced the unresisting complainant into a token booth during his arrest, causing an injury to a tooth and the lip area when the complainant's face made contact with the glass. She also found that the petitioner had used the words "hell", "shit", and "fuck", in directing members of the complainant's group to leave the subway station. Although the petitioner testified that the complainant had grabbed him first, that he did not see the complainant's face strike the booth, and that he did

not use indecent language, he was not believed. We find no reason to disturb that credibility determination *(see, Matter of Berenhaus v Ward, supra,* at 443; *Matter of Collins v Codd,* 38 NY2d 269, 270-271).

We reject the petitioner's claim that he was denied his constitutional right to the effective assistance of counsel. With certain exceptions not relevant here, this right does not extend to administrative proceedings *(see, Matter of Brown v Lavine,* 37 NY2d 317, 320-321; *Patricia W. Walston, P. C. v Axelrod,* 103 AD2d 769). The petitioner also argues that the regulations which specifically pertain to excessive force and the use of indecent language were impermissibly vague. However, the petitioner failed to preserve for appellate review his contention with respect to the excessive force regulation *(see, Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27). In any event, neither regulation was so vague that the petitioner could not have known that his conduct was proscribed thereunder.

Paragraph 42.0 of chapter 2 of the respondent's Police Manual states that "A member of the department shall not use excessive force in performing required duties". Paragraph 8.0 provides that "Members of the department shall not use loud, uncivil, indecent or profane language, even under the greatest provocation". A person of common intelligence would understand that pushing an unresisting arrestee into a token booth face first constitutes the use of excessive force, and that the words cited above were "uncivil, indecent or profane". Thus, these regulations pass constitutional muster *(see, Broadrick v Oklahoma,* 413 US 601, 607; *United States v Petrillo,* 332 US 1, 8; *see also, People v Lang,* 36 NY2d 366, 371; *Jones v State of New York,* 33 NY2d 275, 280).

Under the circumstances of this case we do not find the penalty imposed to be excessive *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Steinberg v Dooley,* 168 AD2d 499; *Richichi v Galligan,* 136 AD2d 616).

We have examined the petitioner's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.