■ In the Matter of JAMES M. DWYER, Appellant, v CITY OF WHITE PLAINS DEPARTMENT OF PUBLIC SAFETY, Respondent. [613 NYS2d 44] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent City of White Plains Department of Public Safety, dated February 20, 1992, which adopted the findings of a Hearing Officer, made after a hearing, that the petitioner had violated section 5.96 of its Rules and Regulations by operating his police vehicle at an excessive rate of speed and by failing to exercise due care at an intersection and suspended the petitioner for 5 days without pay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On September 3, 1991, the petitioner, a White Plains police officer, was operating a police vehicle when he had an accident with another vehicle. After a hearing, the petitioner was found to have violated section 5.96 of the Rules and Regulations of the Department of Public Safety by failing to exercise due care at an intersection and by travelling at an excessive rate of speed. The Commissioner of the Department of Public Safety adopted the findings of the Hearing Officer and determined that the petitioner should be suspended for 5 days without pay.

Upon judicial review of a determination rendered by an administrative agency after a hearing, the issue presented for the court's consideration is limited to whether that determination is supported by substantial evidence upon the entire record (see, Matter of Purdy v Kriesberg, 47 NY2d 354, 358). There is substantial evidence in the record to support the Hearing Officer's findings that the petitioner did not exercise due care at an intersection and that he traveled at an excessive rate of speed resulting in an accident with another vehicle (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Purdy v Kreisberg, supra; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179).

Under the circumstances of this case, the 5-day suspension of the petitioner without pay is not so disproportionate to the offense to be shocking to one's sense of fairness. Therefore, the determination of the City of White Plains Department of Public Safety should not be disturbed (see, Trotta v Ward, 77 NY2d 827; Matter of Berenhaus v Ward, 70 NY2d 436; Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Butterly & Green v Lomenzo, 36 NY2d 250; Matter of Meyer v Rozzi, 108 AD2d 859; Richichi v Galligan, 136 AD2d 616).

We have examined the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.