■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ORTIZ, Appellant. [633 NYS2d 949] —Judgment, Supreme

Court, Bronx County (Vincent Quattrochi, J.), rendered April 22, 1994, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of $2^1/2$ to 5 years, unanimously affirmed.

We find that the court did not abuse its discretion in summarily denying defendant's motion to withdraw his guilty plea where defendant made bare claims of confusion and insufficient information (CPL 220.60 [3]). Defendant knowingly and voluntarily pleaded guilty (*see*, *People v Harris*, 61 NY2d 9), and the court gave defendant ample opportunity to advance his claim (*People v Tinsley*, 35 NY2d 926, 927).

Defense counsel's representation of defendant at the motion to withdraw the plea was not ineffective, given the motion's lack of merit, and there was no need to appoint new counsel.

Defendant's attorney was under no obligation to amplify defendant's unsupported assertion (*People v Rodriguez*, 181 AD2d 643, *lv denied* 80 NY2d 909; *People v Burgos*, 177 AD2d 587, *lv denied* 79 NY2d 944), and the court's commendation of defense counsel, made after denying the application, did not transform counsel into defendant's adversary. Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.