■ In the Matter of BRENTON BROOKS, Respondent, v CARMEN SUARDY et al., Appellants. [635 NYS2d 74] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated March 3, 1992, which, after a hearing, found the petitioner guilty of misconduct and dismissed him from his position as a Transit Police Officer, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Kings County (Greenstein, J.), entered February 12, 1993, as granted the petition to the extent of annulling the penalty of dismissal and remitting the matter to the New York City Transit Authority for the imposition of an appropriate penalty.

Ordered that, on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is dismissed, and the penalty is confirmed.

The Administrative Law Judge found, in relevant part, that the petitioner, while off duty, threatened to kill a civilian and improperly pointed his off-duty handgun at another civilian, that he possessed an unregistered handgun, that he left both handguns in the trunk of his car, that he was convicted of menacing and fined $500, that he made false statements about the incident to the Internal Affairs Unit, all of which violated the Rules and Regulations of the New York City Transit Police Department (hereinafter the Transit Police Department).

Although the petitioner had no prior disciplinary record, in light of the Administrative Law Judge's findings, the penalty of dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231, 234). The petitioner's conduct undermined the integrity and fitness of the Transit Police Department and posed a serious threat to the discipline and efficiency of its operation (see, Matter of Hickey v Bratton, 180 AD2d 682, 683; Matter of Steinberg v Dooley, 168 AD2d 499). Moreover, in matters involving police misconduct, great deference is accorded to the police department's determinations regarding the appropriate discipline of its members (see, Matter of Berenhaus v Ward, 70 NY2d 436, 445; Richichi v Galligan, 136 AD2d 616).

The petitioner's remaining contentions in support of affirmance are without merit. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.