■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERT GRIGGER, Appellant. [665 NYS2d 272] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered October 30, 1995, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's request to withdraw his guilty plea, without further inquiry, where defendant made bare claims of innocence and confusion and the court was familiar with the plea proceedings, the record of which belies such claims (*People v Ortiz*, 221 AD2d 176). Defendant knowingly and voluntarily pleaded guilty and the court gave him ample opportunity to elaborate upon his claims (*People v Tinsley*, 35 NY2d 926, 927). Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.

■ KAREN WALTER et al., Appellants, v CITY OF NEW YORK POLICE DEPARTMENT, Respondent. [664 NYS2d 21] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 30, 1997, which denied plaintiffs' motion for a preliminary injunction, unanimously affirmed, without costs.

Defendant has demonstrated that the maximum age limitation for appointment of New York City police officers (Administrative Code of City of NY § 14-109) bears a rational relationship to legitimate purposes and, therefore, suffers from no infirmity under the State and Federal Equal Protection Clauses (*see, Timerman v Bence*, 176 AD2d 1220). The age limitation, contained in a special law, has not been impliedly repealed by the general City and State Human Rights Laws (Administrative Code § 8-107 [a]; Executive Law § 296 [1] [a]; *see, Matter of Natural Resources Defense Council v New York City Dept. of Sanitation*, 83 NY2d 215, 222-223). Plaintiffs did not suffer a deprivation of due process by virtue of defendant's failure to include the age limitation on the notice of examination, because passing the examination did not confer a right to appointment (Civil Service Law § 61; *Matter of Cassidy v Municipal Civ. Serv. Commn.*, 37 NY2d 526).

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.