■ In the Matter of DENNIS GRIFFIN, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of New York City, et al., Respondents. In the Matter of MICHAEL FOLEY, Appellant, v WILLIAM BRATTON, as Police Commissioner of New York City, et al., Respondents. [670 NYS2d 34] —Order, Supreme Court, New York County (Paula Omansky, J.), entered December 16, 1996, which denied petitioner Dennis Griffin's application for reinstatement to respondent New York City Police Department and granted the cross motion to dismiss the petition, and order and judgment (one paper), same Court (Joan Lobis, J.), entered on or about December 11, 1996, which denied and dismissed petitioner Michael Foley's petition for reinstatement to respondent New York City Police Department, unanimously affirmed, without costs.

Since petitioners had each been convicted of a crime following a full trial, it was within the Commissioner's discretion to dismiss them without an administrative hearing pursuant to Administrative Code of the City of New York § 14-115 (a). The provisions of Public Officers Law § 30 (1) (e) and the Court of Appeals' interpretation of that statute in *Matter of Duffy v Ward* (81 NY2d 127) are inapplicable, since petitioners were removed pursuant to the Commissioner's aforecited discretionary power, which neither Public Officers Law § 30 (1) (e) nor Civil Service Law §§ 75 and 76 was intended by the Legislature to repeal or supersede (*see, Matter of City of New York v MacDonald*, 201 AD2d 258, 259, *lv denied* 83 NY2d 759).

That police officers are held to a higher standard than certain other civil servants is not violative of due process, since the heightened standard bears a rational relation to maintaining the utmost integrity and respect for law in those who are charged with its enforcement (*see, Walter v City of N. Y. Police Dept.*, 244 AD2d 205).

Finally, the penalty of termination was not, in the case of either petitioner, so disproportionate as to shock our sense of fairness (*see, Trotta v Ward*, 77 NY2d 827; *Matter of Berenhaus v Ward*, 70 NY2d 436, 445). Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.