OPINION OF THE COURT
 

 Wesley, J.
 

 This appeal challenges regulations and procedures of the New York State Department of Social Services (DSS) concerning home care services authorized under the Medicaid program. Petitioners sued DSS and the New York City Human Resources Administration, arguing that the regulation governing the treating physician’s order for home care services (18 NYCRR 505.14 [b] [3] [i]
 
 [a]
 
 [3]) is arbitrary and capricious. They also seek a judicially created presumption in favor of the treating physician’s estimate regarding the number of hours of home care services required. We conclude that the regulation is not arbitrary and capricious, and that adoption of a “treating physician’s rule” in this context is unwarranted. Therefore, the order of the Appellate Division should be affirmed.
 

 I. The Home Care Program: The Federal Scheme
 

 Title XIX of the Social Security Act (42 USC § 1396
 
 et seq.),
 
 popularly referred to as the Medicaid Act, authorizes grants to
 
 *94
 
 States to provide medical and rehabilitative assistance to the poor, elderly and disabled. The purposes of the statute are to provide a supplementary health benefits program, to establish an expanded program of medical assistance and to increase benefits to those who qualify for assistance (S Rep No. 89-404, at 1 [1965], reprinted in 1965 US Code Cong & Admin News 1943). The Omnibus Budget Reconciliation Act of 1990 (OBRA 1990, Pub L 101-508 § 4721) amended the Medicaid Act to include personal care services as part of the home health services benefits authorized by this statute.
 

 According to Federal regulations, “personal care services” are (1) authorized by a physician in accordance with the recipient’s plan of treatment; (2) provided by an individual who is qualified to provide the services and not a member of the recipient’s family; and (3) furnished in a home, and, at the State’s option, in another location (42 CFR 440.167). These services primarily involve “hands on” assistance with physical dependency needs such as bathing, dressing and taking medications
 
 (see,
 
 Medicare
 
 &
 
 Medicaid Guide [CCH] ¶ 45,624, at 55,279).
 

 The Act authorizes the States to implement plans for medical assistance which “include reasonable standards * * * for determining eligibility for and the extent of medical assistance under the plan which * * * are consistent with the objectives of [the Act]” (42 USC § 1396a [a] [17]). Thus the statute confers broad discretion on participating States to determine the extent of services provided; the State standards need only be reasonable and consistent with the objectives of the Act.
 

 II. The Home Care Program: State Law
 

 In New York, personal home care services are furnished in accordance with the Federal mandate (Social Services Law § 365-a [2] [e]). Pursuant to State regulations implementing the statute, home care services may be authorized only after an extensive review process. The services must be (1) essential to maintaining the client’s health and safety; (2) ordered by the attending physician; (3) based on an assessment of the client’s needs and the appropriateness and cost effectiveness of the services; (4) provided by a qualified person in accordance with a plan of care; (5) supervised by a registered professional nurse; and (6) if required for more than 60 continuous days, provided in accordance with certain fiscal assessment procedures
 
 (see generally,
 
 18 NYCRR 505.14 [a] [1]
 
 et seq.).
 

 The primary focus of this appeal concerns 18 NYCRR 505.14 (b) (3) (i)
 
 (a) (3),
 
 the regulation governing the treating
 
 *95
 
 physician’s order for home care services. Pursuant to this regulation, a treating physician must file a form (the DSS-4359) with the local social services district that describes the patient’s medical condition and the tasks for which the patient requires assistance (18 NYCRR 505.14 [b] [3] [i] [a]). However, physicians recommending personal care services “must not recommend the number of hours * * * that the patient should be authorized to receive” (18 NYCRR 505.14 [b] [3] [i] [a] [3]). Although the DSS-4359 form allows physicians to document a patient’s specific needs, it also reinforces the regulatory prohibition on physicians from recommending the number of hours of home care.
 

 After a physician files the form, the local district must conduct a detailed review of the case, including social, nursing and home care assessments, an assessment of the appropriateness and cost-effectiveness of other types of home services or arrangements, and a fiscal assessment, if appropriate (18 NYCRR 505.14 [b] [2]). An independent medical review by a physician designated by the local district director or a physician under contract with the local social services department (an “affiliated physician”) also may be required (18 NYCRR 505.14 [b] [4]). The affiliated physician does not make the final determination of the level of care required by an individual client. State regulations restrict that determination to the local director or his or her designee (18 NYCRR 505.14 [b] [4] [ii]).
 

 III. The Instant Litigation
 

 Petitioner Jennie Kuppersmith, a Medicaid recipient, instituted this combined CPLR article 78 proceeding and declaratory judgment action in 1986 challenging the administration and implementation of the home care program by the State and City of New York. Kuppersmith ultimately prevailed in her own dispute concerning the number of hours of personal care she should receive following an administrative hearing. Other petitioners intervened and Supreme Court granted class certification in June 1987.
 

 In 1992, DSS promulgated 18 NYCRR 505.14 (b) (3) (i) (o) (3) and petitioners moved in Supreme Court to enjoin implementation of this regulation. They argued that greater weight should be given to the assessment of the treating physician in determining the extent of personal care services required. They also moved for leave to file a supplemental complaint and for partial summary judgment on their claims regarding the weight to be given to the treating physician’s opinion. Follow
 
 *96
 
 ing an initial determination by the court and a motion for reargument by petitioners, Supreme Court denied petitioners’ motions, and granted defendants’ cross motion for summary judgment dismissing “the issue of the weight of the treating physician’s assessment of the need for home care services.” The court upheld the new physician order form and upheld the DSS regulations and policies that instructed the physician not to recommend the number of hours of Medicaid-paid personal care services for the applicant.
 

 Petitioners appealed, and the Appellate Division affirmed, holding that the challenged regulation was not “arbitrary, capricious, or manifestly contrary to the statute” and that “neither the Medicaid laws nor due process mandates the imposition of a ‘treating physician’s rule’ as to the number of hours of personal care services” (246 AD2d 473, 474). We granted petitioners leave to appeal to this Court and now affirm.
 

 It is well-settled that a State regulation should be upheld if it has a rational basis and is not unreasonable, arbitrary, capricious or contrary to the statute under which it was promulgated
 
 (New York State Assn. of Counties v Axelrod,
 
 78 NY2d 158, 166;
 
 Matter of Bates v Toia,
 
 45 NY2d 460, 464;
 
 Ostrer v Schenck,
 
 41 NY2d 782, 786). If a regulation is to be nullified, the challenger must establish that “it is so lacking in reason for its promulgation that it is essentially arbitrary”
 
 (Matter of Marburg v Cole,
 
 286 NY 202, 212).
 

 While this standard is limiting, it does not render the judiciary powerless. An agency has no authority to create rules and regulations without a statutory predicate either express or implied
 
 (Matter of Bates v Toia, supra,
 
 at 464). That would be tantamount to legislation by administrative fiat, and, by definition, irrational
 
 (Matter of Harbolic v Berger,
 
 43 NY2d 102, 109;
 
 Matter of Jones v Berman,
 
 37 NY2d 42, 53). Thus, administrative rules are not judicially approved in a pro forma manner
 
 (Matter of Bates v Toia, supra,
 
 at 464). Courts must scrutinize administrative rules for genuine reasonableness and rationality in the specific context presented by a case.
 

 Viewed from this perspective, we hold that the regulation prohibiting physicians from recommending the number of hours for home care services falls within the ambit of “genuine reasonableness and rationality”
 
 (New York State Assn. of Counties v Axelrod, supra,
 
 at 166). The statutory predicate for the regulation in question is rooted in the broad and unambiguous grant of affirmative authority to New York pursuant to the
 
 *97
 
 Medicaid Act. The statute “confers broad discretion on the States to adopt standards for determining the extent of medical assistance, requiring only that such standards be ‘reasonable’ and ‘consistent with the objectives’ of the Act”
 
 (Beal v Doe,
 
 432 US 438, 444).
 

 The United States Department of Health and Human Services — the agency responsible for administering and interpreting Medicaid laws — noted that the objective of the home care program is “to provide States maximum flexibility in tailoring their Medicaid programs to meet the needs of recipients while also setting guidelines so that States that choose to offer the personal care services benefit furnish quality services in an effective manner” (Medicare & Medicaid Guide [CCH] 45,624, at 55,279). States therefore have broad discretion to choose the proper mix of amount, scope and duration limits on coverage as long as care and services are provided in the “best interests of the recipients”
 
 (Alexander v Choate,
 
 469 US 287, 303).
 

 There is nothing in the record to indicate that the State’s home care program vitiates these interests. To the contrary, the program takes into consideration the complex, multifaceted reality of providing personal care services to those in need. The regulations mandate a local social services district to examine many factors in establishing the number of hours of personal care services. Assessments by a variety of experts are required, including the treating physician, a social services worker, and a nurse. If necessary, input from an affiliated physician is required as well. Additionally the regulation requires local districts to consider whether informal care givers, such as the recipient’s family members and friends, can assist in providing home care for the recipient.
 

 A home care assessment therefore requires complementary analyses and opinions from individuals with different fields of expertise. Contrary to petitioners’ argument, personal home care services are much more than purely medical determinations. This point is reflected in the regulations themselves, which categorize personal home care services into three distinct levels of care. Level I services are limited to performing nutritional and environmental support functions (e.g., light housekeeping and preparing meals). Level II services include assistance with personal care functions (e.g., dressing and bathing) in addition to services provided under Level I. Level III services include the aforementioned tasks and simple health-related tasks (e.g., performing measurements and tests,
 
 *98
 
 changing dressings, and providing special skin care)
 
 (see,
 
 18 NYCRR 505.14 [a] [6] [i]-[iii]).
 
 *
 

 Petitioners’ argument for the implementation of a “treating physician’s rule” also is misplaced. Petitioners argue that their health and safety were jeopardized when defendants refused to give weight to the recommendations of their treating physicians regarding home care services, even when these recommendations were consistent with, and supported by, nursing and social work assessments. Nonetheless, given that the home care program involves more than a single medical determination, deference to a treating physician’s opinion is unwarranted. Thus petitioners’ attempt to analogize between the home care program and Social Security disability determinations, which involve medical judgments, is misguided
 
 (see, Schisler v Heckler,
 
 787 F2d 76;
 
 Schisler v Sullivan,
 
 3 F3d 563).
 

 Petitioners’ remaining arguments are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed, without costs.
 

 *
 

 These services differ markedly from those provided pursuant to the home health services program (18 NYCRR 505.23), which encompasses strictly health-related services that are “medically necessary,” including nursing services, physical therapy, occupational therapy, or speech pathology and audiology services.