■ In the Matter of KENNETH CURRY, Petitioner, v BRIAN WING, as Commissioner of New York State Office of Temporary and Disability Assistance, et al., Respondents. [716 NYS2d 6] —Determination of respondent New York State Department of Health dated December 13, 1999 which, after a fair hearing,

denied petitioner's application for 24-hour continuous home care services by two aides on a "split-shift" basis under the State's Medical Assistance Program, and, instead, granted 24-hour home care services by one aide on a "sleep-in" basis, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kibbie Payne, J.], entered May 3, 2000) dismissed, without costs.

The City's Fair Hearing Compliance Notice dated April 10, 1997 was not constitutionally inadequate as petitioner contends. The notice adequately apprised petitioner of the legal burden facing him at the hearing, to wit, that he had to prove that his needs were not being met with 24-hour "sleep-in" care and could only be met with the "split-shift" care he requested.

The petitioner appeared *pro se* at the administrative hearing, and the documentation he presented from his physician did not specifically recommend "split-shift" care. The agency found that 24-hour "sleep-in" care was adequate to meet the petitioner's needs, based upon an agency Nurse's Assessment, an agency Home Care Social Assessment, and an Affiliation Report completed by an HRA-affiliated physician, all recommending that "sleep-in" care be continued. The decision after fair hearing concluded that the petitioner did not have excessive, unscheduled nighttime needs necessitating "split-shift" care.

Albeit belatedly, in support of the instant article 78 petition, petitioner's treating physician and a visiting nurse elaborated on the degree of petitioner's disability. Both affirmed that petitioner is a tetraplegic, insulin dependent individual who requires repositioning every two hours during the day and night to prevent chronic decubitus ulcers (pressure sores). He is also an insulin dependant diabetic prone to episodes of low blood sugar requiring injections throughout the night. Both opined that petitioner's condition required "split-shift" care.

We are constrained to follow the precedent set forth by the Court of Appeals. In *Kuppersmith v Dowling* (93 NY2d 90), that Court held that the applicable regulations do not require that the agency follow the treating physician's recommended amount of services. Further, in *Matter of Howard v Wyman* (28 NY2d 434, 438), the Court of Appeals held that the agency's determination is entitled to deference by the court because it rests on the agency's interpretation and construction of its own regulations and the legislation under which it functions. Accordingly, we find that the agency's determination authorizing 24 hour "sleep-in" care was not arbitrary and capricious and

that it is supported by substantial evidence. Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.