■ In the Matter of JAMES COSCETTE, Respondent, v TOWN OF WALLKILL et al., Appellants. [721 NYS2d 784] —In a proceeding pursuant to CPLR article 78, the Town of Wallkill and Town of Wallkill Police Commission appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 20, 2000, as granted that branch of the petition which was to direct that the petitioner could not be suspended without pay for more than 30 days pending a hearing on charges of incompetency and misconduct.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to direct that the petitioner could not be suspended without pay for more than 30 days pending a hearing on charges of incompetency and misconduct is denied, and that part of the proceeding is dismissed.

The petitioner, the Chief of Police of the Town of Wallkill, was suspended without pay pending the resolution of charges of misconduct and incompetence brought against him. The petitioner thereafter commenced this proceeding seeking, *inter alia,* to limit the period of his suspension without pay to 30 days, as provided by Civil Service Law § 75 (3). The appellants opposed, arguing that, pursuant to Town Law § 155, the petitioner could be suspended without pay for the entire period that disciplinary charges were pending. In the judgment appealed from, the Supreme Court, among other things, held that Civil Service Law § 75 (3) was controlling and that the petitioner's pre-hearing suspension without pay could be for no more than 30 days. We reverse.

Pursuant to Civil Service Law § 76 (4), nothing set forth in Civil Service Law §§ 75 or 76 "shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division." This provision preserved inconsistent general laws related to the suspension or removal of a covered civil service officer or employee that were already in existence in 1941 when Civil Service Law § 75 (3) was amended to expressly permit pre-hearing suspensions without pay, but to limit such suspensions to 30 days (*see,* L 1941, ch 853; *Meringolo v Jacobson,* 256 AD2d 20; *Matter of Griffin v Bratton,* 248 AD2d 242; *Matter of Nieves v Haera,* 165 AD2d 201; *Matter of Cugell v Mon-*

*aghan,* 201 Misc 607; 1991 Atty Gen [Inf Opns] 31). Here, Town Law § 155, in relevant part, was enacted prior to 1941 and, therefore, was such an existing inconsistent general law. Thus, it was neither repealed nor modified by Civil Service Law § 75 (3). Accordingly, Town Law § 155 is controlling and the petitioner's pre-hearing suspension is not limited to 30 days pursuant to Civil Service Law § 75 (3). O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.