■ In the Matter of PETER S. TOTH, Petitioner, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. [745 NYS2d 720] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated April 26, 2000, made after a hearing, finding the petitioner guilty of certain charges of misconduct, and suspending him without pay from duty as a police officer with the Nassau County Police Department for a period of 270 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondents' findings that the petitioner was guilty of two counts of engaging in conduct unbecoming an officer, one count of using departmental equipment other than in the course of official business, four counts of engaging in unlawful conduct, two counts of failing to treat as confidential the official business of the Nassau County Police Department, and one count of making or submitting, or causing to be submitted, a false official communication, record, or statement, are supported by substantial evidence in the record (see *Matter of Curto v Cosgrove,* 256 AD2d 407). The respondents' finding of police misconduct and their determination regarding the appropriate internal discipline to be imposed are entitled to great deference and, under the circumstances of this case, will not be disturbed (see *Matter of Gamma v City of Newburgh,* 277 AD2d 236; *Matter of Steinberg v Dooley,* 168 AD2d 499).

The penalty imposed was permissible pursuant to Civil Service Law § 76 (4) and Nassau County Administrative Code § 8-13.0 (*see Matter of Coscette v Town of Wallkill,* 281 AD2d 479), and is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Kelly v Safir,* 96 NY2d 32). O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.