■ In the Matter of INDEPENDENT MASTER PLUMBERS OF WESTCHESTER COUNTY, INC., Appellant, v WESTCHESTER COUNTY BOARD OF PLUMBING EXAMINERS, Respondent. [786 NYS2d 92]—

In a hybrid proceeding pursuant to CPLR article 78 to prohibit the Westchester County Board of Plumbing Examiners from enforcing its rule No. 10, and an action for a judgment declaring the invalidity of that rule, the petitioner/plaintiff appeals from an order and a judgment (one paper) of the Supreme Court, Westchester County (DiFiore, J.), entered June 18, 2003, which, inter alia, denied the petition and dismissed the proceeding and action.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that rule No. 10 as adopted by the Westchester County Board of Plumbing Examiners is valid and enforceable; as so modified, the order and judgment is affirmed, with costs to the respondent.

Contrary to the petitioner's assertion, the Westchester County Board of Plumbing Examiners (hereinafter the Plumbing Board) acted within its authority pursuant to the Westchester County Administrative Code, chapter 277, article XV (hereinafter the Plumbing Licensing Law) when it adopted rule No. 10 at a November 20, 2001, public meeting. Although rule No. 10 was amended on August 20, 2002, the challenged ratio is included in the amended rule, and therefore the issue is not academic. The

amended rule provides: "Rule 10: 'Direct supervision' as used in the Plumbing Licensing Law shall mean a ratio of 1:1 (one apprentice plumber to one journey level or master plumber), per written or verbal contract. Both the supervising plumber and apprentice shall be co-located and within sight or hearing of each other; cell phones, pagers or other amplifying equipment or aids shall not be used to assist in supervision. This rule shall not apply to apprentice programs registered with the New York State Department of Labor."

An administrative agency has both the authority expressly delegated in its legislation and those powers required by necessary implication (*see Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 96 NY2d 512, 518 [2001]; *Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs.*, 79 NY2d 197, 203 [1992]; *cf. Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]). Where an agency has been endowed with broad power to regulate in the public interest, courts generally will uphold reasonable acts that further the regulatory scheme (*see Matter of City of New York v State of N. Y. Commn. on Cable Tel.*, 47 NY2d 89, 92 [1979]).

Here, contrary to the petitioner's assertions, the scope of the Plumbing Board's authority under the Plumbing Licensing Law is not limited to setting standards for licensure, but extended to suspending and revoking licenses and taking action when an individual or contractor was engaged as a plumber without a license or proper certification. Pursuant to Plumbing Licensing Law § 277.509 (H), an apprentice may only work under the "direct supervision" of a certified journey level plumber or a licensed master plumber. It is therefore implied in the Plumbing Board's authority to define the term "direct supervision" to require one-to-one supervision (*see Matter of Gruber*, 89 NY2d 225, 231 [1996]; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 595-596 [1982]).

The record demonstrates that the Plumbing Board established the one-to-one ratio as a result of analysis over a period of two years which included 11 public hearings. The Plumbing Board confirmed the existence of abuses in the industry wherein uncertified or unlicensed plumbers worked without direct supervision, and found that these industry practices adversely affected both the quality of work performed and the ability of apprentices to receive proper training. The Plumbing Board also considered the industry ratios established in other jurisdictions prior to establishing the one-to-one rule. Accordingly, the rule was neither arbitrary, capricious, nor contrary to the Plumbing Licensing Law (*see generally Kuppersmith v Dowling*,

*supra* at 96; *New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166 [1991]).

The petitioners' remaining contentions are without merit.

Since this is, inter alia, a declaratory judgment action, the Supreme Court should have made a declaration in favor of the Plumbing Board (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., Crane, Mastro and Skelos, JJ., concur.