■ In the Matter of JOSEPH RUSSO, Respondent, v RICHARD BURKE et al., Appellants. [16 NYS3d 579]—

In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the City of Mount Vernon Police Department to reinstate the petitioner to his position as a police officer, with back pay, Richard Burke, John Roland, the City of Mount Vernon, and the Mount Vernon Police Department appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Adler, J.), entered August 14, 2013, as granted the petition to the extent of restoring the petitioner's salary pending a final determination of any disciplinary charges and awarding the petitioner back pay from March 15, 2013.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

In February 2013, the petitioner, a police officer employed by the City of Mount Vernon, was arrested and charged with falsifying business records in the first degree, based on allegations that he submitted false overtime slips indicating that he had worked overtime during certain periods when he had not, in fact, worked overtime. Based on those charges, the Commissioner of the Mount Vernon Police Department (hereinafter the Commissioner) suspended the petitioner from his position as a police officer without pay. Thereafter, before any disciplinary charges were preferred against the petitioner, the petitioner commenced this proceeding pursuant to CPLR article 78 alleging that the Mount Vernon City Charter (L 1922, ch 490 [hereinafter the City Charter]) did not authorize the Commissioner to impose punishment on a police officer unless the police officer had been found guilty after a disciplinary trial. The petitioner sought reinstatement to his position as a police officer and back pay. The Supreme Court concluded that the Commissioner exceeded his authority under the City Charter by suspending the petitioner indefinitely without pay, and granted the petition to the extent of limiting the period of suspension without pay to 30 days, restoring the petitioner's salary pending a final determination of any disciplinary charges, and awarding him back pay from March 15, 2013.

The City Charter was enacted prior to Civil Service Law §§ 75 and 76. Thus, the provisions of the City Charter governing the discipline of police officers are controlling for matters concerning police discipline (see Civil Service Law § 76 [4]; *Matter of Coscette v Town of Wallkill*, 281 AD2d 479, 479-480 [2001]). City Charter § 116 provides that the Commissioner "is authorized and empowered to make, adopt, promulgate and enforce reasonable rules, orders and regulations for the government, discipline, administration and disposition of the officers and members of the Police Department, and for the hearing, examination, investigation, trial and determination of charges made or prepared against any officer or member of said Department" for certain specific offenses. Pursuant to the delegation of rule-making authority in City Charter § 116, the Commissioner promulgated a disciplinary procedure, which includes a regulation providing that "[m]embers of the [Police] Department may be suspended from duty, whenever in the opinion of the Commissioner . . . such action is appropriate." The Commissioner relied on this regulation in suspending the petitioner without pay pending a determination of the criminal charges and any future disciplinary charges.

Given the broad delegation of authority in City Charter § 116, which commits the matter of police discipline to the Commissioner, the disciplinary procedure regulation allowing the Commissioner to suspend members of the Mount Vernon Police Department has a rational basis and is not unreasonable, arbitrary and capricious, or contrary to the statute under which it was promulgated (see *Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]). Thus, the Commissioner did not exceed his authority under the City Charter in relying on this regulation to suspend the petitioner without pay pending a determination of the criminal charges and any future disciplinary charges.

Accordingly, the judgment must reversed insofar as appealed from, the petition denied, and the proceeding dismissed on the merits. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.