■ Spring Valley PBA, Respondent, v Village of Spring Valley, Appellant. — In an action to declare that defendant, pursuant to a collective bargaining agreement, is obligated to pay plaintiff's members for overtime hours worked, defendant appeals from a judgment of the Supreme Court, Rockland County, dated April 23, 1980, which declared the overtime claimed under the collective bargaining agreement legally payable to plaintiff's members. Judgment affirmed, with $50 costs and disbursements. This appeal squarely presents a conflict between two statutes. One (L 1911, ch 360, § 1, as amd), provides, *inter alia,* that "the commissioner of police, superintendent of police, chief of police, or other officer or officers, having the management, control or direction of the police force of any other city and of each county, town or village having a police force of not less than four members, and of each police force of any commission or other agency of a county having a police force of not less than four members, *shall not assign any patrolman thereof who may be on duty in the open air, on the streets or other public places to more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no patrolman shall be assigned to more than forty hours of duty during any seven consecutive day period;* except in an emergency as described in this section or for the purpose of changing tours of duty" (emphasis added). The other, subdivision 2 of section 204 of the Civil Service Law, provides, however, that "Where an employee organization has been certified or recognized pursuant to the provisions of this article, the appropriate public employer shall be, and hereby is required to negotiate collectively with such employee organization in the determination of, and administration of grievances arising under, the terms and conditions of employment of the public employees as provided in this article, and to negotiate and enter into written agreements with such employee organizations in determining such terms and conditions of employment." Hours of employment and rates of compensation (including provisions for overtime) are considered terms and conditions of employment (see Civil Service Law, § 204, subd 3; *Matter of*

*City of Yonkers [Uniformed Fire Officers Assn.],* 10 PERB 3056). Special Term's accommodation of the two statutes, with which we agree, is an interpretation that overtime may not be unilaterally imposed by an employer, but that public employees, through their organizations, may bargain for and agree upon provisions for overtime as part of the collective bargaining process. This accommodation has also been suggested by the Attorney-General (see 1978 Atty Gen [Inf Opns] 297). Defendant is liable for the overtime actually worked by members of plaintiff pursuant to the collective bargaining agreement during the time covered. Hopkins, J.P., Titone, Lazer and Cohalan, JJ., concur.