■ In the Matter of BILL LUEDEKE, Petitioner, v BOARD OF POLICE COMMISSIONERS OF THE TOWN AND VILLAGE OF NEW PALTZ, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent sustaining various disciplinary charges against petitioner and imposing a penalty of a 60-day suspension without pay. Petitioner is a 10-year veteran, holding the rank of sergeant, in the police department jointly created and maintained by the Town of New Paltz and Village of New Paltz, Ulster County, and administered by respondent board of police commissioners. On October 21, 1980, formal charges were initiated by respondent charging petitioner with incompetency, improper conduct and falsifying records. These charges arose out of petitioner's arrest of one Ricky Sifre on July 19, 1980. Earlier that evening, Sifre had been involved in an altercation at a local disco, and he and his companions were ejected from the establishment. They left the premises by car, followed by a group of men on foot in the disco parking lot. From that point, the testimony presents sharply conflicting versions of the facts. According to Sifre and other witnesses called to substantiate the charges, after he left the disco parking lot he stopped his car at a nearby gasoline station where he was met by uniformed police officers in a marked police car and directed to return to the disco. As he was attempting to comply with this direction, his car was cut off by a white Camaro. Petitioner, dressed in civilian clothes, got out of the Camaro, accosted him without previously identifying himself as a police officer, shouted profanities and ethnic slurs, pulled him from his car, and struck him repeatedly there and while en route to the police station. Petitioner and other witnesses called on his behalf testified that Sifre had attempted to run petitioner down with his vehicle in the disco parking lot. According to those witnesses, when Sifre was stopped at the gasoline station, petitioner walked to Sifre's car, displayed his badge and identified himself as a police officer. When Sifre refused to obey petitioner's command to get out of his car, petitioner was compelled to use reasonable force to remove him from the vehicle and place him in the police car. Petitioner, it was claimed, neither employed abusive language nor excessive physical force in effecting the arrest. Contrary to petitioner's claims, the respondent board's findings sustaining charges that petitioner was guilty of incompetency, brutality and duress, and of making a false entry in an official memorandum were supported by substantial evidence. Since two uniformed police officers were at the scene when Sifre was stopped at the gasoline station, it is highly questionable whether it was necessary for petitioner, off duty and out of uniform, to have intervened. Moreover, regarding petitioner's conduct during his confrontation with Sifre, the board had two conflicting versions of the facts from the testimony. Its acceptance of the version unfavorable to petitioner constitutes a determination of credibility which may not be disturbed upon review by this court (*Matter of Collins v Codd,* 38 NY2d 269; *Matter of Stork Rest. v Boland,* 282 NY 256). Having made a factual determination of repeated assaults by petitioner against Sifre, the board was also justified in determining that petitioner filed a false report in the memorandum to his superior in which he stated that he

struck Sifre only once. Next, petitioner asserts that the board's determination and imposition of a 60-day suspension without pay must be annulled, as a matter of law. Petitioner claims that the New Paltz Police Department is a joint village and town police force, and as such must comply with the provisions of both the Town Law and the Village Law regarding disciplinary proceedings. Section 155 of the Town Law provides that disciplinary charges may not be brought more than 60 days after the date when the facts upon which such charges are based become known to the town board. A notice of claim against the town arising out of this incident was filed on behalf of Sifre on July 30, 1980. Therefore, petitioner argues, at the very latest, the town board acquired knowledge of the facts on that date but nevertheless delayed until October 21, 1980, before filing disciplinary charges. Moreover, section 8-804 of the Village Law limits suspension of a disciplined officer to a period not exceeding 20 days. These objections are foreclosed because petitioner's bargaining representative, the New Paltz Patrolmen's Association, entered into a collective bargaining agreement with respondent which provided, in section 5.3 thereof, that title B of article 5 of the Civil Service Law would apply to disciplinary proceedings affecting members of the department. Section 75 of the Civil Service Law is contained in article 5 and provides no specific time limit for the initiation of disciplinary proceedings; therefore, a reasonable time to bring charges is all that is required. Subdivision 3 of section 75 also permits suspension for a period of 60 days without pay. Therefore, to the extent that provisions of the Village Law and Town Law may be deemed to have created rights on the part of petitioner to more timely filing of disciplinary charges and limited the extent of penalties arising therefrom, petitioner effectively waived all such rights when his agent union agreed to make the pertinent provisions of the Civil Service Law applicable to all disciplinary proceedings affecting his department (cf. *Antinore v State of New York,* 49 AD2d 6). Petitioner's remaining objections are also without merit. In the light of the board's findings concerning petitioner's conduct, the 60-day suspension is not so disproportionate as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Nor has petitioner cited any legal basis for objecting to the fact that these proceedings may have been initiated in response to a recommendation by the county District Attorney following his investigation of the incident, or shown that the proceedings were effected in any way by the board's exercise of its discretion in permitting the New Paltz Town Supervisor and the complainant's attorney to be present at the proceedings. Accordingly, the petition to annul and vacate the board's determination and imposition of a 60-day suspension without pay should be dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.