OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, with costs, and the determination of the Authority reinstated.
 

 Petitioner, having been disciplined for refusing to accept an overtime assignment, sought review of that order pursuant to section 76 of the Civil Service Law. He recognizes the “work now, grieve later” rule under which an employee covered by a collective bargaining agreement which establishes grievance machinery is required to obey a work order and pursue his grievance remedy, even though there is substantial reason to believe that the order violates the agreement (Elkouri & Elkouri, How Arbitration Works [3d ed], pp 154-159; Fairweather, Practice and Procedure in Labor Arbitration [2d ed], pp 226-227; Trotta, Arbitration of Labor-Management Disputes, p 283). He argues, however, that he was justified in refusing to return for a midnight to 8:00 a.m. snow removal shift by the exceptions to the general rule for situations in which it is indisputably
 
 *857
 
 clear that the order is beyond the power of management (Elkouri & Elkouri,
 
 op. cit.,
 
 at p 156, and n 212) or in which compliance would present an unusual threat to the health or safety of the employee (Elkouri & Elkouri,
 
 op. cit.,
 
 at p 155; Trotta,
 
 op. cit.,
 
 at p 283).
 

 We need not decide whether as a matter of contract law the Appellate Division’s construction of the collective bargaining agreement between petitioner’s union and the Thruway Authority is correct, for the agreement cannot be construed as placing the overtime work order to petitioner clearly beyond management’s prerogative. The provision upon which petitioner and the Appellate Division relied (art XVI, § H) speaks to the equitable distribution of overtime opportunities among employees. It may reasonably be construed, as the hearing officer construed it, as relating only to the order in which, as a matter of priority, overtime assignments are to be made. Nothing in its provisions or elsewhere in the contract so explicitly limits the Authority’s power to order mandatory overtime as to make indisputably clear that it had no such power and, thus, to excuse petitioner’s refusal to accept the assignment. Nor can it be said that the hearing officer erred in rejecting petitioner’s claim that his refusal was justified by advice of union officials that the Authority, by raising and then abandoning the mandatory overtime question in collective bargaining, had waived its right to make such an order. Not only was no documentary evidence presented in support of this claim, but also the Authority’s manual, which had been distributed to the union, contained an explicit statement of its right to order overtime. Whether there had been such a waiver was, therefore, a matter to be determined under the contract’s grievance mechanism or in a proceeding before the Public Employment Relations Board (cf.
 
 Matter of Civil Serv. Employees Assn. v Newman,
 
 61 NY2d 1001, affg 88 AD2d 685) and was not so indisputably clear as to warrant petitioner’s refusal to work.
 

 Nor did the hearing officer err in concluding that petitioner had not brought himself within the health or safety exception or in taking into account in fixing the penalty the prior warning given petitioner concerning refusal to obey orders. As to the health or safety claim, it was not
 
 *858
 
 asserted as a basis for refusal and is inconsistent with petitioner’s offer to continue working past the end of his shift and with the Authority’s offer of expense-paid motel accommodations and meals during the eight-hour period preceding the overtime assignment. As for the prior warning, the fact that petitioner was told that no action other than the warning would be based upon the prior incident cannot reasonably be construed as an agreement that administrat n of the warning would never be taken into account in fi dng the penalty for subsequent insubordination.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, with costs, and determination of the Authority reinstated in a memorandum.