■ In the Matter of MARVIN C. KOONZ, Petitioner, v THOMAS V. CORRIGAN et al., Constituting the Town Board of

the Town of Bethlehem, Respondents. (And Three Other Related Proceedings.)—Weiss, J. Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Bethlehem Town Board which, *inter alia,* found petitioners guilty of insubordination and unbecoming conduct.

In each of these four companion proceedings, the individual petitioners are police officers who seek judicial review of determinations made by the Bethlehem Town Board imposing punishment upon each petitioner for his willful failure to obey an order of the Town's Chief of Police. It appears that the Chief of Police issued a new directive in connection with court appearances while an officer was not on a regular tour of duty. The collective bargaining agreement in effect provided that any officer recalled for such duty be credited with a full four hours of overtime, regardless of whether the officer actually worked the full four hours. The new directive, effective June 4, 1984, requires any officer recalled for a court appearance after completion of a regular tour of duty to actually remain on duty for the full four hours. Although each petitioner had been ordered by his superior officer to remain on duty after a court appearance until the completion of the full four hours, each refused and went home. Following the filing of formal charges and disciplinary hearings, the Administrative Law Judge determined that each had disobeyed a direct order from a superior officer and found each guilty of insubordination and unbecoming conduct. The Town Board adopted the report and imposed punishment of suspensions without pay and/or forfeiture of pay in degrees varying for each petitioner. These proceedings ensued.

Petitioners' principal contention is that they were justified in disobeying the order because it violated the collective bargaining agreement by unilaterally imposing new terms and conditions of employment. We disagree, noting first that article six of the collective bargaining agreement contains detailed and explicit provisions for procedures to be employed in the resolution of grievances and disputes. Whether there was merit to petitioners' claim that the new policy was designed to circumvent benefits derived from the union contract by requiring them to perform "make work" projects during any time remaining after court appearances need not be determined in this case. The applicable rule in New York is known as " 'work now, grieve later' " *(Matter of Ferreri v New York State Thruway Auth.,* 62 NY2d 855, 856). Under this rule, an

employee covered by a collective bargaining agreement which includes grievance machinery is required to obey a work order even though it may appear that the order violates the agreement, and the employee should pursue the grievance remedy thereafter (supra, p 856). We reject petitioners' contention that they fall within an exception to the rule which exists in "situations in which it is indisputably clear that the order is beyond the power of management" (supra, pp 856-857). Nowhere does the collective bargaining agreement either state or imply that a police officer, recalled to duty in connection with court appearances, cannot be ordered to actually work during the four hours for which overtime is required to be paid.

Nor do we find merit in petitioners' contention that the new policy was violative of McKinney's Unconsolidated Laws of NY §§ 971-976 (Civil Service) (L 1911, ch 360, as amended; L 1968, ch 1011, as amended), which limit the number of consecutive hours police officers may be compelled to work. The collective bargaining agreement may, and does here, provide for recall to duty for court or court-related appearances and the compensation to be paid therefore (see, Civil Service Law § 204 [3]; Spring Val. PBA v Village of Spring Val., 80 AD2d 910, 911). Petitioners' further contention that the hearings were a "nullity" due to the absence of rules or regulations promulgated pursuant to Town Law § 155 is not persuasive. While the record indicates that the Town Board did not adopt a specific procedure for the determination of disciplinary matters, the statutory authorization is permissive in nature, not mandatory. In any event, the record confirms that each petitioner received written notice of the charges and a plenary hearing with counsel present. Since petitioners' due process rights were adequately protected, the hearing and subsequent punishments were proper.

We further reject petitioner Wayne La Chappelle's contention that his use of a concealed tape recorder while meeting with Lieutenant Frederick J. Holligan concerning the overtime issue did not constitute misconduct. Such activities could undermine the trust, discipline and authority necessary to properly operate a police department.

Finally, we decline to disturb the sanctions imposed since we do not find them to be so disproportionate to the offenses or so severe as to shock our sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233), particularly concerning matters of internal discipline in a police department (see, Matter of Meyer v Rozzi, 108 AD2d 859, 860).

Determinations confirmed, and petitions dismissed, without

costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.