■ In the Matter of NICHOLAS DONOFRIO, Respondent, v JOSEPH E. SPINNATO, as Commissioner of the Fire Department of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Fire Department of the City of New York, dated June 4, 1986, finding the petitioner guilty of disobeying two direct orders and violating his oath of office, after a hearing, the Commissioner and the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated April 3, 1987, as annulled the determination that the petitioner was guilty of disobeying one direct order to remain in quarters and violating his oath of office.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that so much of the determination as found the petitioner guilty of charges 2 and 4 is confirmed, so much of the determination as found the petitioner guilty of charge 1 is disaffirmed, the penalty imposed for all the charges is vacated, and the matter is remitted to the Commissioner for the imposition of an appropriate new penalty, without costs or disbursements.

Since questions of substantial evidence are involved, this proceeding should have been transferred to this court pursuant to CPLR 7804 (g). However, this court will treat the matter as one initially transferred here and will review the

administrative determination de novo *(see, Matter of Old Country Toyota Corp. v Adduci,* 136 AD2d 706; *People ex rel. McClatchie v Reid,* 105 AD2d 721; CPLR 7804 [g]).

We note that the Commissioner implicitly concedes that his determination with respect to charge 1 is not supported by substantial evidence as he limited his appeal from the judgment of the Supreme Court, Kings County, to the disaffirmance of his determination as to charges 2 and 4. In any event, upon our review of the record we conclude that the determination of guilt with respect to charge 1 must be disaffirmed. The only expert medical evidence before the Hearing Officer was contained in the journal of the petitioner's engine company and demonstrated that the Fire Department medical officer found the petitioner unfit for duty on his scheduled tour due to a stomach ailment. This evidence was unrefuted. Accordingly, the Commissioner's determination that the petitioner was feigning illness was not supported by substantial evidence, and on this record, the petitioner was justified in refusing to comply with a captain's order to take the detail *(see, Matter of Ferreri v New York State Thruway Auth.,* 62 NY2d 855).

With respect, however, to charges 2 and 4, we conclude that the determination of the petitioner's guilt was supported by substantial evidence, and, accordingly, should be confirmed.

In light of the disaffirmance of the determination of guilt with respect to charge 1, the matter must be remitted to the Commissioner for the imposition of a less onerous penalty. We note that charges 2 and 4, though separately stated, cover the identical conduct and, under the facts of this case, are duplicative. The petitioner should not receive an enhanced punishment because he was separately charged for the same offense *(see, Matter of Savello v Frank,* 48 AD2d 699, *lv denied* 37 NY2d 707). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.