POLICE ASSOCIATION OF THE CITY OF MOUNT VERNON, Respondent, v CITY OF MOUNT VERNON et al., Appellants. [719 NYS2d 291] —In a purported proceeding pursuant to CPLR article 78 for a judgment declaring, *inter alia,* that the City of Mount Vernon and Gertrude LaForgia violated McKinney's Unconsolidated Laws of NY § 971 (a) and enjoining them from committing such violations in the future, the appeal is from a judgment of the Supreme Court, Westchester County (Leavitt, J.), dated November 10, 1999, which, upon an order of the same court, entered October 22, 1999, granting the petition, declared that the City of Mount Vernon and Gertrude LaForgia violated McKinney's Unconsolidated Laws of NY § 971 (a) by requiring police officers to work more than eight hours in a consecutive 24-hour period when no emergency existed, and enjoined them from any further violation of McKinney's Unconsolidated Laws of NY § 971 (a). The appellants' notice of appeal from the order entered October 22, 1999, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is modified, on the law, by adding thereto a provision converting the proceeding into an action for a declaratory judgment (*see,* CPLR 103 [c]), with the notice of petition deemed a summons and the petition deemed a complaint; as so modified, the judgment is affirmed, with costs to the petitioner.

The Supreme Court correctly determined that the appellants violated McKinney's Unconsolidated Laws of NY § 971 (a) by requiring members of the City of Mount Vernon Police Department to work more than one eight-hour shift in a consecutive 24-hour period in the absence of an emergency situation within the meaning of the statute. Contrary to the appellants' contention, the petitioner did not waive its right to enforce the requirements of McKinney's Unconsolidated Laws § 971 (a) in the parties' collective bargaining agreement. Further, the appellants could not unilaterally impose overtime in the absence of an emergency situation within the meaning of the statute (*see, Spring Val. PBA v Village of Spring Val.,* 80 AD2d 910, 911).

The appellants' contention that the disputed assignment of overtime was permissible because an emergency situation

existed is improperly raised for the first time on appeal and, in any event, is without merit. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.