■ In the Matter of TOWN OF WALLKILL, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC. (LOCAL 1000, AFSCME,

AFL-CIO, Town of Wallkill Police Department Unit, Orange County Local 836), et al., Respondents. [922 NYS2d 554]—

In three related hybrid proceedings pursuant to CPLR article 75, inter alia, to stay municipal police disciplinary arbitrations, and actions for a judgment declaring that Local Law No. 2 (2007) of Town of Wallkill is valid and affords the Town of Wallkill the right to prescribe the manner of administration of all pending police disciplinary matters within its jurisdiction, the Town of Wallkill appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Ritter, J.), dated September 15, 2009, which, upon a decision of the same court (Alessandro, J.), dated December 15, 2008, among other things, denied the petitions, denied the motion of the Town of Wallkill for summary judgment declaring that Local Law No. 2 (2007) of Town of Wallkill is valid and affords it the right to prescribe the manner of administration of all pending police disciplinary matters within its jurisdiction, granted the respondents/defendants' cross petitions to compel arbitration, in effect, searched the record and awarded summary judgment to the respondent/defendant Town of Wallkill Police Officers' Benevolent Association, Inc., declaring that Local Law No. 2 (2007) of Town of Wallkill is invalid insofar as applied to members of that respondent/defendant, declared that Local Law No. 2 (2007) of Town of Wallkill is invalid insofar as applied to members of the Town of Wallkill Police Officers' Benevolent Association, Inc., vacated disciplinary actions taken against the respondents/defendants Dennis Rolon, Adam Bruce, Paul Besser, Charles Bodensieck, Darrell Algarin, Thomas Klevenko, and Steven Walsh pursuant to Local Law No. 2 (2007) of Town of Wallkill, and directed the parties to proceed to arbitration.

Ordered that the order and judgment is reversed, on the law, with costs, the petitions to stay arbitration are granted, the related arbitration proceedings are permanently stayed, the motion of the Town of Wallkill for summary judgment declaring that Local Law No. 2 (2007) of Town of Wallkill affords it the right to prescribe the manner of administration of all pending police disciplinary matters within its jurisdiction is granted, the respondents/defendants' cross petitions to compel arbitration are denied, it is declared that Local Law No. 2 (2007) of Town of Wallkill is valid and affords the Town of Wallkill the right to prescribe the manner of administration of all pending police disciplinary matters within its jurisdiction, and the disciplinary actions taken against the respondents/defendants Dennis Rolon, Adam Bruce, Paul Besser, Charles Bodensieck, Darrell Algarin, Thomas Klevenko, and Steven Walsh pursuant to Local Law No. 2 (2007) are reinstated.

The Town of Wallkill asserts that, pursuant to Town Law § 155, it is vested with the authority "to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members" of the Town Police Department (Town Law § 155). Accordingly, the Town adopted Local Law No. 2 (2007) of Town of Wallkill (hereinafter Local Law No. 2), which requires, inter alia, that a hearing be held before the Wallkill Town Board or its designee to address disciplinary charges preferred against town police officers. Local Law No. 2 stands in contrast to the collective bargaining agreement entered into between the Town and the respondents/defendants Civil Service Employees Association, Inc. (Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Department Unit, Orange County Local 836) and Town of Wallkill Police Officers' Benevolent Association, Inc. (hereinafter together the unions), which allows police officers facing disciplinary charges to request arbitration.

The individual respondents/defendants, who are each police officers or sergeants facing certain disciplinary charges (hereinafter collectively the officers), filed requests for arbitration of those charges. The Town commenced these hybrid proceedings and actions seeking, inter alia, to stay the arbitration and for a judgment declaring that Local Law No. 2 is valid and controlling, and affords it the right to prescribe the manner of administration of all pending police disciplinary matters within its jurisdiction. The unions and the officers cross-petitioned to compel arbitration and counterclaimed for a judgment declaring that Local Law No. 2 is invalid. The Supreme Court denied the Town's petitions, granted the cross petitions, and, among other

things, declared that Local Law No. 2 is invalid insofar as it was inconsistent with the disciplinary provisions of the collective bargaining agreement between the Town and police officers who were members of the Town of Wallkill Police Officers' Benevolent Association, Inc. We reverse.

The Taylor Law (*see* Civil Service Law § 200 *et seq.*) requires public employers to bargain in good faith concerning all terms and conditions of employment (*see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 78 [2000]). Generally, Civil Service Law §§ 75 and 76 govern procedures for disciplining public employees. Where Civil Service Law §§ 75 and 76 apply, police discipline is a permissible subject of collective bargaining (*see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 575-576 [2006]; *Matter of Auburn Police Local 195, Council 82, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v Helsby*, 62 AD2d 12 [1978], *affd* 46 NY2d 1034 [1979]). However, Civil Service Law § 76 (4) provides that "[n]othing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division" (Civil Service Law § 76 [4]). Consequently, when legislation exists that predates the enactment of Civil Service Law §§ 75 and 76, and such legislation commits police discipline to the discretion of local authorities, then, as a matter of public policy, discipline is a prohibited subject of collective bargaining (*see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563 [2006]).

Here, Town Law § 155, upon which Local Law No. 2 was based, was enacted prior to Civil Service Law §§ 75 and 76. As such, Town Law § 155 was an existing general law that committed the matter of police discipline to the Town (*see Matter of Coscette v Town of Wallkill*, 281 AD2d 479 [2001]; *cf. Matter of Koonz v Corrigan*, 117 AD2d 912, 914 [1986] [disciplinary procedures specified in Town Law § 155 superseded contrary provision of a subsequently executed collective bargaining agreement even where the Town had not enacted an ordinance, local law, or regulation expressly adopting Town Law § 155 procedures]). Accordingly, the matter of discipline is a prohibited subject of collective bargaining between the Town and the unions, and Local Law No. 2—a proper exercise of the Town Board's authority pursuant to Town Law § 155—is valid and controlling for matters of police discipline. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.