[979 NE2d 1147, 955 NYS2d 821]

In the Matter of TOWN OF WALLKILL, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC. (LOCAL 1000, AFSCME, AFL-CIO, TOWN OF WALLKILL POLICE DEPARTMENT UNIT, ORANGE COUNTY LOCAL 836), et al., Respondents, and TOWN OF WALLKILL POLICE OFFICERS' BENEVOLENT ASSOCIATION, INC., Appellant.

Argued September 13, 2012; decided October 25, 2012

**APPEARANCES OF COUNSEL**

*Law Offices of John K. Grant, P.C.*, Newburgh (*John M. Crotty* and *John K. Grant* of counsel), for appellant.

*Tarshis, Catania, Liberth, Mahon & Milligram, PLLC*, Newburgh (*Joseph G. McKay* of counsel), for Town of Wallkill, respondent.

*David P. Quinn*, Albany, for New York State Public Employment Relations Board, amicus curiae.

*Ennio J. Corsi, General Counsel,* Albany, and *Christine Caputo Granich,* for New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, amicus curiae.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Since 1995, a collective bargaining agreement (CBA) has been in place between the Town of Wallkill (the Town) and the Town of Wallkill Police Officers' Benevolent Association, Inc. (Wallkill PBA). Pursuant to the CBA, police officers subject to discipline by the Town have the right to a hearing before a neutral arbitrator. In 2007, however, the Town adopted Local Law No. 2-2007 of the Town of Wallkill (codified as Code of Town of Wallkill, ch 42, art II, § 42-3 *et seq.*) which sets forth disciplinary procedures for police officers different than those outlined in the CBA. Local Law No. 2 does not allow for arbitration, but rather requires a Town Board member or a designee of the Town Board to conduct a hearing addressing disciplinary charges preferred against a police officer and to issue a decision with recommended findings of fact and a suggested disciplinary penalty. Local Law No. 2 vests the Town Board with the authority to review the individual hearing officer's recommendations, render a final determination of the charges and impose a penalty "consistent with the provisions of the New York State Town Law" (Code of Town of Wallkill § 42-8). Such determination is subject to review by way of a CPLR article 78 proceeding in Supreme Court.

Shortly after the Town enacted Local Law No. 2, it initiated disciplinary action against two police officers. Wallkill PBA filed requests for arbitration on behalf of the police officers. In turn, the Town commenced a CPLR article 75 proceeding seeking to permanently stay arbitration and for a judgment declaring that Local Law No. 2 is valid. Wallkill PBA and the police officers cross-petitioned to compel arbitration and counterclaimed for a judgment declaring Local Law No. 2 invalid.

Supreme Court denied the Town's petitions and granted the cross petitions. The court declared Local Law No. 2 invalid "insofar as inconsistent with the disciplinary provisions of" the CBA and vacated the disciplinary actions taken against the police officers. Supreme Court further directed the parties to proceed to arbitration. Citing to our decision in *Matter of*

*Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.* (6 NY3d 563 [2006]), the Appellate Division reversed (84 AD3d 968 [2d Dept 2011]).

We agree that *Matter of Patrolmen's Benevolent Assn.* is dispositive. There, we confronted the "tension between the strong and sweeping policy of the State to support collective bargaining under the Taylor Law" and "the policy favoring strong disciplinary authority for those in charge of police forces" (*Matter of Patrolmen's Benevolent Assn.*, 6 NY3d at 571 [internal quotation marks and citation omitted]). We held "that police discipline may not be a subject of collective bargaining under the Taylor Law when the Legislature has expressly committed disciplinary authority over a police department to local officials" (*id.* at 570).

In so holding, we observed that Civil Service Law §§ 75 and 76 generally govern "the procedures for disciplining public employees, including police officers," and where applicable, "police discipline may be the subject of collective bargaining" (*id.* at 573). However, Civil Service Law § 76 (4) states that "[n]othing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any *general, special* or *local*" preexisting laws (emphasis added; *see Matter of Patrolmen's Benevolent Assn.*, 6 NY3d at 573).

Applying our holding in *Matter of Patrolmen's Benevolent Assn.* to the facts in this case, we conclude that the Town properly exercised its authority to adopt Local Law No. 2 pursuant to Town Law § 155. Town Law § 155, a general law enacted prior to Civil Service Law §§ 75 and 76, commits to the Town "the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members of such police department." Accordingly, the subject of police discipline resides with the Town Board and is a prohibited subject of collective bargaining between the Town and Wallkill PBA.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.