OPINION OF THE COURT
Paul I. Marx, J.
It is ordered that (1) the Town’s petition to stay arbitration is granted; (2) respondents’ cross petition is denied in part and granted in part; and (3) the Town’s motion to dismiss the cross petition is denied.
The pending petition and cross petition relate to the Town’s decision to discipline respondents Sergeant Allen Faust and Sergeant Matthew M. Imperio[1] based on alleged misconduct regarding their time records. Sergeant Faust is a full-time police officer for the Town and a member of the Police Benevolent Association (PBA). Sergeant Faust acted as officer in charge during the vacancy in the position of chief of police from October 2011 through April 2013. Upon receipt of the disciplinary charges, respondents filed a demand for arbitration pursuant to the collective bargaining agreement between the Town and the PBA and separately filed an answer to the charges. The Town responded with the instant petition to stay arbitration and for other relief. Respondents followed with their cross petition to compel arbitration and for alternative relief. The Town moved to dismiss the cross petition.
Background
The Town and the PBA are parties to a collective bargaining agreement (CBA) which governs the terms and conditions of employment for police officers in the Town. Article 13 of the CBA provides the procedures for imposing discipline against police officers, including arbitration of disputes concerning discipline.
*238 On October 11, 2011, the Town Board authorized an audit of the Town’s police department, which was conducted by independent auditors. No charges resulted from the audit.
On December 19, 2012, representatives of the Orange County District Attorney’s Office met with Sergeant Faust regarding allegations of improper timekeeping. Respondents assert that at that time Assistant District Attorney Karen Reyes advised Sergeant Faust that Town Attorney Dennis Caplicki had provided her office with records and documents concerning “call-ins” and “Officer in Charge pay.” According to respondents, Sergeant Faust was later informed that the District Attorney’s Office found no evidence of wrongdoing. Respondents contend that the allegations discussed with Sergeant Faust concern the same conduct underlying the subject disciplinary charges.
In January 2013, following the Town Board’s receipt of a letter regarding allegedly fraudulent time reporting by members of the police department, the Town Board authorized a second audit by independent auditors. The completed audit report, dated January 22, 2013, was presented to the Town Board in January or February 2013.
On February 14, 2013, the Town Board enacted Local Law No. 1 of 2013 to supplant the disciplinary provisions contained in the CBA and provide for discipline by local officials. The local law recites that it is
“enacted in order to comply with and conform to the provisions of §§ 154 and 155 of the Town Law . . . and provides that the Town Board . . . shall make all final determinations concerning the investigation of complaints and imposition of disciplinary penalties with respect to members of the Town of Goshen Police Department.”
On July 19, 2013, Sergeant Faust was served with a notice of discipline alleging that, on several dates between September 15, 2012 and December 16, 2012, he claimed “Call-In” pay but did not physically report to work at the police station. On August 1, 2013, Sergeant Faust was served with a notice of determination of discipline, setting forth the decision of the Police Chief that a disciplinary penalty was warranted and referring the matter to the Town Board for final disposition of the charges and imposition of a penalty.
On August 9, 2013, the PBA served its demand for arbitration on behalf of Sergeant Faust, challenging the notice of disci *239 pline. The Town sent a written request to respondents’ counsel to withdraw the demand for arbitration, asserting that there is no valid arbitration agreement. Upon respondents’ refusal to withdraw their demand, the Town filed the instant petition to stay arbitration and for a declaration that its local law is valid.
Sergeant Faust also served the Town Supervisor with an answer to the charges, which included a request for a hearing. (See order to show cause, exhibit I, answer.) Paragraph 3 of Sergeant Faust’s answer stated that he “reserves the right to prove upon a hearing of this matter . . . that the disciplinary charges contravene [his] rights . . . and are untimely.” Paragraph 4 states that he “demands a hearing in conformity with the parties’ collective bargaining agreement before a single, impartial hearing officer appointed in conformity with the parties’ collective bargaining agreement as the charges . . . occurr[ed] at times and on dates preceding adoption of Local Law No. 1 of 2013.”
By letter dated August 21, 2013, counsel for the Town wrote Sergeant Faust asserting that the charges would be referred to the Town Board for final determination, because he had not requested a hearing.
Respondents then filed their cross petition by order to show cause, seeking to compel arbitration and prevent the Town from imposing discipline against Sergeant Faust prior to holding a hearing on the charges. The cross petition requests alternative relief in the form of an order declaring the disciplinary charges to be untimely under Town Law § 155.
Thereafter, the Town moved to dismiss the cross petition, asserting the same arguments raised in its petition regarding its authority to proceed with disciplinary proceedings under Local Law No. 1 of 2013 rather than through arbitration under the CBA. The Town also asserted that respondents’ claim that the disciplinary charges are time-barred is outside the scope of a CPLR article 75 proceeding and that respondents do not meet the standard for injunctive relief.
Town Petition to Stay Arbitration
The Town contends that pursuant to the authority provided under Town Law § 155, it has supplanted the disciplinary procedure laid out in article 13 of the CBA with the disciplinary procedure set forth in Local Law No. 1 of 2013. The Town relies on the decisions of the Court of Appeals in Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. (Local 1000, AFSCME, *240 AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836) (19 NY3d 1066 [2012]) and Matter of Patrolmen’s Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd. (6 NY3d 563 [2006]). Patrolmen’s Benevolent Assn. decided two companion appeals involving the effect of the New York City Charter and the Administrative Code of the City of New York in one case and the Rockland County Police Act in the other case on the affected municipality’s authority over police discipline. The Court of Appeals held that discipline of police officers “may not be a subject of collective bargaining under the Taylor Law when the Legislature has expressly committed disciplinary authority over a police department to local officials.” (Id. at 570.) The Court of Appeals applied that holding in Town of Wallkill, and upheld the Town of Wallkill’s local law making police discipline the subject of local authority rather than collective bargaining.
The Town claims that Town of Wallkill is directly on point, because the Town’s local law mirrors the Town of Wallkill’s local law, which has been determined by the Court of Appeals to be valid. In Town of Wallkill, the Court of Appeals expressly stated that “the Town properly exercised its authority to adopt Local Law No. 2 pursuant to Town Law § 155”[2] to establish different disciplinary procedures for police officers than those contained in the parties’ CBA. (Town of Wallkill at 1069.) Therefore, the Town requests that its petition to stay arbitration, like the petition to stay arbitration in Town of Wallkill, should be granted.
The Town used the Town of Wallkill’s local law as a model for Local Law No. 1 of 2013 and the two laws are virtually identical. Because the Court of Appeals has upheld a similar exercise of local authority to enact disciplinary procedures that supplant the collectively bargained procedures, the Town’s local law is a valid exercise of its authority to remove police discipline *241 from the scope of the CBA. Accordingly, article 13 of the CBA is null and void and the procedures set forth in the Town’s local law, not those of the CBA, govern police discipline in the Town. (Patrolmen’s Benevolent Assn, of City of N.Y. at 577.)
Respondents contend that even if the local law is valid and the Town’s disciplinary procedures have supplanted the procedures of the CBA, the local law should not be applied to Sergeant Faust. Respondents claim that Town of Wallkill does not state that the local law in that case was to apply “retroactively.” The issue of the retroactive application of the Town of Wallkill’s local law was not explicitly addressed by the Court of Appeals in Town of Wallkill. However, the Court of Appeals was cognizant that the disciplinary action came after the enactment of the subject local law, as reflected in its statement that “[s]hortly after the Town enacted Local Law No. 2, it initiated disciplinary action against two police officers.” (19 NY3d at 1068.) Even without reading more into the Court of Appeals’ statement, retroactivity of the local law is not an issue because it concerns the procedure by which a disciplinary charge is adjudicated and does not affect substantive rights. (See Becker v Huss Co., 43 NY2d 527, 540 [1978]; Morales v Gross, 230 AD2d 7, 9-10 [2d Dept 1997]; Matter of Unicorn Developers v Commissioner of Labor of State of N.Y., 190 AD2d 807, 809 [2d Dept 1993].) Therefore, the Town’s local law may be applied to the disciplinary charges brought against Sergeant Faust following enactment of the local law, provided those charges were timely brought.
Accordingly, the Town’s petition to stay arbitration is granted and respondents’ request in its cross petition to compel arbitration is denied.
Respondents’ Request for a Declaration of Untimeliness of the Charges
Respondents argue in their cross petition that the disciplinary charges were untimely brought against Sergeant Faust, because Town Law § 155 sets forth a requirement that disciplinary charges “shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the town board.” Respondents contend that the Town had knowledge of the facts underlying the charges more than 60 days prior to the charges being brought. Respondents assert that the Town was aware of the particular facts on which the charges against Sergeant Faust are based as early as December 2012, when a disgruntled subordinate complained of Faust’s *242 conduct to the Town Board and the Orange County District Attorney. Respondents further allege that the subordinate subsequently made a written complaint to the Town Board in January 2013 and the Town Board commissioned a second independent audit of the police department’s time records. The audit was completed and the results of the audit were presented to the Town Board prior to February 28, 2013. Sergeant Faust was not served with the notice of discipline until July 19, 2013, more than 120 days after the Town Board had knowledge of the facts.
The Town contends that the issue of the timeliness of the disciplinary charges is not properly before this court, because it is outside the scope of a proceeding under CPLR 7501. It asserts that timeliness goes to the merits of the dispute, which the court cannot address because it is restricted to considering whether the disciplinary charges are subject to arbitration.[3] The Town also argues, in the alternative, that the 60-day time limitation under Town Law § 155 is not applicable because it was waived in the CBA. It claims that Local Law No. 1 of 2013 “did not supplant the eighteen-month limitation period in the CBA agreement; it merely altered the process of noticing and hearing discipline, i.e., substituted a hearing officer for arbitrators and provided that the Town Board make the final determination.” (Town’s mem of law in support of motion to dismiss cross petition at 14 n 4.)
Timeliness of the disciplinary charges does not go to the merits of the dispute. The merits of the dispute concern whether Sergeant Faust submitted fraudulent time records. Although, generally, agreements to arbitrate must be “enforced according to their terms” and issues of timeliness submitted to arbitration unless the parties “explicitly agree to leave timeliness issues to the court” (Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252-253 [2005]), that principle has no application to an agreement from which arbitration has been eliminated. In other words, having successfully eliminated the arbitration provisions from the CBA,[4] the Town has no basis for relying on the law governing arbitration agreements to determine whether timeliness is an issue for the court *243 or the arbitrator. Furthermore, the Town cannot extend the principles that derive from arbitration agreements to its local law and decree that the matter must be determined by the Town Board or a hearing officer selected by the Town Board. In the absence of an arbitration agreement on the issue, the timeliness of the Town’s disciplinary charges is an issue for the court to determine.
In January 2013, the Town investigated complaints of improper timekeeping by members of its police department by hiring an independent auditor. The report of that audit was submitted to the Town Board at some point in January or February 2013, but in no event later than February 28, 2013, according to the auditor’s invoice. Upon receiving the report, the Town Board became aware that the allegations made in the written complaint might be factual. (See Matter of Rounds v Town of Vestal, 15 AD3d 819, 821 [3d Dept 2005] [appropriate procedure for police discipline derives from Town Law § 155 instead of the Civil Service Law and timing of charges under the Town Law runs from when the Town Board became aware after receiving results of an independent investigation that the allegations might be grounded in fact].)
Once the Town Board acquired that knowledge, Town Law § 155 mandated that the Town Board bring charges within 60 days based upon those facts, because the discipline of its police officers was no longer governed by the CBA. (Cf. Matter of Luedeke v Board of Police Commrs. of Town & Vil. of New Paltz, 87 AD2d 669, 670 [3d Dept 1982].) By enactment of Local Law No. 1 of 2013, the Town Board elected to remove police discipline from collective bargaining and provide its own rules and regulations in accordance with Town Law § 155. Having made that election, the Town is foreclosed from arguing that certain provisions of the CBA related to discipline are still in effect, including any 180-day limitation period. Therefore, the Town had 60 days from its receipt of the auditor’s report in January or February 2013 to bring charges against Sergeant Faust and, having failed to abide by that time limitation, the disciplinary proceeding against Sergeant Faust is untimely.[5]
Accordingly, respondents’ alternative request in their cross petition for a declaration that the disciplinary proceeding *244 against Sergeant Faust is time-barred, is granted. The Town’s motion to dismiss the cross petition is denied.

. The Town and Sergeant Imperio entered into a settlement and stipulation of discontinuance of all claims by and against him. Therefore, this decision and order concerns only the disciplinary charges against Sergeant Faust.

. Town Law § 155 states, in relevant part, that
“[t]he town board shall have the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members of such police department. Except as otherwise provided by law, no member or members of such police department shall be fined, reprimanded, removed or dismissed until written charges shall have been examined, heard and investigated in such manner or by such procedure, practice, examination and investigation as the board, by rules and regulations from time to time, may prescribe.”

. Ironically, the Town itself has not restricted its petition to the question of arbitrability and has included a request for declaration of the validity of the local law.

. The CBA does not otherwise provide that disputes between the parties must be subject to arbitration.

. This determination moots the Town’s contention that Sergeant Faust did not properly request a hearing on the charges. In any event, that contention is rejected. Sergeant Faust’s August 9, 2013 answer was sent to the Town Supervisor, in accordance with the provisions of Local Law No. 1 of 2013. Al *244 though the answer requests a hearing in conformance with the CBA, in light of respondents’ separate demand for arbitration, the answer should be construed as a request for a hearing under the Town’s procedures. Town Law § 155 expressly provides that disciplinary action shall not be taken against a police officer until the charges “shall have been examined, heard and investigated.” The Town cannot deprive Faust of his right to a hearing because he requested a type of hearing that is no longer available to him.