■ James Carver et al., Appellants, v County of Nassau et al., Respondents, et al., Defendants. [23 NYS3d 586]—

In an action for declaratory and injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Parga, J.), entered December 9, 2013, which granted the motion of the defendants County of Nassau and Nassau County Police Department for summary judgment declaring a certain agreement dated June 2, 2008, invalid and unenforceable, and denied their cross motion, inter alia, for summary judgment declaring the agreement dated June 2, 2008, valid and enforceable, and (2) a judgment of the same court entered March 18, 2014, which, upon the order, is in favor of the defendants County of Nassau and Nassau County Police Department and against them, declaring the agreement dated June 2, 2008, invalid and unenforceable.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a related appeal in this action (*see Carver v County of Nassau*, 135 AD3d 888 [2016] [decided herewith]), we have determined that the Supreme Court properly directed the dismissal of the cause of action seeking a permanent injunction enjoining the enforcement of Local Law No. 9-2012 of the County of Nassau because that Local Law properly repealed a section of the Nassau County Administrative Code which provided for the resolution of certain disciplinary matters through binding arbitration. Further, we noted that because the County Legislature expressly committed disciplinary authority over the Nassau County Police Department to the Commissioner of Police, collective bargaining over disciplinary matters was prohibited (*see Carver v County of Nassau*, 135 AD3d 888 [2016]; *see also Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836]*, 19 NY3d 1066 [2012]; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563 [2006]). For these reasons, the court properly declared that an agreement dated June 2, 2008, between the plaintiff Police Benevolent Association of the Police Department of the County of Nassau, N.Y., Inc., and the defendant County of Nassau, which provided for the resolution of certain Nassau County Police Department disciplinary matters through binding arbitration, is invalid and unenforceable.

Accordingly, we affirm the judgment. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.