■ James Carver et al., Appellants, v County of Nassau et al., Respondents. [24 NYS3d 180]—

In an action for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered July 23, 2013, which granted the defendants' motion to dismiss the second cause of action pursuant to CPLR 3211 (a) and to dismiss the first cause of action insofar as asserted against the defendants Edward Mangano, in his official capacity as County Executive of Nassau County, Thomas V. Dale, in his official capacity as Commissioner of

Police, and the Nassau County Legislature pursuant to CPLR 1003.

Ordered that the order is affirmed, with costs.

Prior to 2007, the Nassau County Charter and the Nassau County Administrative Code provided that the Commissioner of Police had control over the discipline of members of the Nassau County Police Department (*see* Nassau County Charter §§ 801, 802; L 1925, ch 451; Nassau County Administrative Code § 8-13.0). In 2007, the Nassau County Legislature amended section 8-13.0 of the County Administrative Code by adding subdivision (e), which allowed for the resolution of certain disciplinary matters through binding arbitration. In 2008, the Police Benevolent Association of the Police Department of the County of Nassau, N.Y., Inc. (hereinafter the PBA), and the County of Nassau entered into an agreement (hereinafter the 2008 agreement) which provided that police officers subject to a fine, penalty, or suspension of 10 or more days without pay, or its monetary equivalent, had the option to proceed to binding arbitration in lieu of a departmental disciplinary hearing. In 2012, the County Legislature enacted Local Law No. 9-2012 of the County of Nassau, which repealed section 8-13.0 (e) of the County Administrative Code (*see* Local Law No. 9-2012 of County of Nassau).

Thereafter, the PBA and its president commenced this action. In the first cause of action, the plaintiffs seek a declaration that the 2008 agreement is valid and was not altered by Local Law No. 9-2012 of the County of Nassau. In the second cause of action, the plaintiffs assert that the passage of Local Law No. 9-2012 of the County of Nassau, repealing section 8-13.0 (e) of the County Administrative Code, did not impact the parties' contractual obligations pursuant to the 2008 agreement and, therefore, the plaintiffs are entitled to a permanent injunction enjoining the enforcement of Local Law No. 9-2012 of the County of Nassau.

The Supreme Court properly determined that since the County Charter vested the power to discipline members of the Nassau County Police Department exclusively with the Commissioner of Police, the County Legislature's attempt to divest the Commissioner of a portion of that disciplinary authority by amending the County Administrative Code to allow for binding arbitration of certain disciplinary matters created a conflict between the code and the charter, and, in the face of such a conflict, the charter controlled (*see Matter of Hart v County of Chautauqua*, 236 AD2d 796 [1997]; *Matter of Tormey v LaGuardia*, 172 Misc 1091, 1094 [Sup Ct, Special Term, NY County

1940], *affd* 259 App Div 802 [1940], *affd* 284 NY 607 [1940]; *see also* L 1939, ch 272). Therefore, the court properly concluded that the County Legislature's enactment of section 8-13.0 (e) of the Nassau County Administrative Code was invalid, and that the subsequent repeal of section 8-13.0 (e) of the County Administrative Code by Local Law No. 9-2012 of the County of Nassau was proper and should not be enjoined. Moreover, as the County Legislature expressly committed disciplinary authority over the Nassau County Police Department to the Commissioner of Police, collective bargaining over disciplinary matters was prohibited (*see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563 [2006]; *see also Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836]*, 19 NY3d 1066, 1068 [2012]). Thus, the documentary evidence submitted by the defendants in support of their motion conclusively established a defense to the second cause of action as a matter of law (*see* CPLR 3211 [a] [1]).

Upon directing the dismissal of the second cause of action, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action insofar as asserted against the defendants Edward Mangano, in his official capacity as County Executive of the County, Thomas V. Dale, in his official capacity as Commissioner of Police, and the County Legislature, because those defendants were not parties to the 2008 agreement (*see* CPLR 1003).

Accordingly, we affirm the order. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.