In the Matter of Town of Goshen, Appellant, v Town of Goshen Police Benevolent Association et al., Respondents. [38 NYS3d 219]—

In a hybrid proceeding pursuant to CPLR article 75 to stay municipal police disciplinary arbitrations and action for declaratory relief, in which the respondents/defendants cross-petitioned to compel arbitration and for declaratory relief, the petitioner/plaintiff appeals from so much of (1) an order of the Supreme Court, Orange County (Marx, J.), dated October 28, 2013, as denied that branch of its motion which was to dismiss so much of the cross petition as sought a judgment declaring that certain disciplinary charges against the respondent/defendant Sergeant Allen Faust were time-barred pursuant to Town Law § 155, and granted that branch of the cross petition, and (2) a judgment of the same court dated January 29, 2014, as, upon the order dated October 28, 2013, is in favor of the respondents/defendants Town of Goshen Police Benevolent As-

sociation and Sergeant Allen Faust and against it declaring that the disciplinary charges against Sergeant Allen Faust were time-barred pursuant to Town Law § 155.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied that branch of the appellant's motion which was to dismiss so much of the cross petition as sought a judgment declaring that certain disciplinary charges brought by the Town Board of the Town of Goshen (hereinafter the Town Board) against the respondent/defendant Sergeant Allen Faust were time-barred. The disciplinary charges at issue were brought against Faust utilizing procedures required by Local Law No. 1 (2013) of the Town of Goshen (hereinafter L.L. No. 1). L.L. No. 1 was enacted by the Town Board pursuant to the authority granted to it by Town Law § 155. Town Law § 155 provides that charges brought against members of a police department that are subject to procedures prescribed by a town board "shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the town board." Here, the record establishes that the disciplinary proceeding was untimely commenced more than 60 days after the Town Board learned the facts upon which the charges were based. The appellant contends, however, that the longer 18-month statute of limitations in Civil Service Law § 75 (4) applies because it is incorporated in the collective bargaining agreement between the appellant and the Town of Goshen Police Benevolent Association (hereinafter the PBA). Contrary to this contention, by enacting L.L. No. 1, the Town Board affirmed that the subject of police discipline resides with it and is a prohibited subject of collective bargaining between the appellant and the PBA (*see Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836]*, 19 NY3d 1066 [2012]).

The appellant's remaining contentions are without merit.

Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur. 