Matter of Town of Tonawanda Police Club, Inc. v Town of Tonawanda (2021 NY Slip Op 02959)





Matter of Town of Tonawanda Police Club, Inc. v Town of Tonawanda


2021 NY Slip Op 02959


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


1075 CA 19-01501

[*1]IN THE MATTER OF TOWN OF TONAWANDA POLICE CLUB, INC., AND HOWARD M. SCHOLL, III, PETITIONERS-RESPONDENTS,
v
TOWN OF TONAWANDA, TOWN BOARD OF TOWN OF TONAWANDA, TOWN OF TONAWANDA POLICE DEPARTMENT, AND JEROME C. USCHOLD, III, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, RESPONDENTS-APPELLANTS. 






GOLDBERG SEGALLA LLP, BUFFALO (SEAN P. BEITER OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered August 1, 2019 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the petition in part, vacating the first through sixth decretal paragraphs, and reinstating the amended charges against petitioner Howard M. Scholl, III, and as modified the judgment is affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, dismissal of the amended disciplinary charges against Howard M. Scholl, III (petitioner), a directive that any further disciplinary proceedings against petitioner must be brought pursuant to Section 75 of the Civil Service Law and the collective bargaining agreement (CBA) between respondent Town of Tonawanda and petitioner Town of Tonawanda Police Club, Inc., and to compel respondents to reinstate petitioner's salary and benefits nunc pro tunc. Petitioner, a police officer with respondent Town of Tonawanda Police Department, was suspended without pay pending a disciplinary hearing after respondents learned that he was driving his personal vehicle and collided with another vehicle, and then falsely reported to the police officers who responded to the scene of the accident that his wife was driving the vehicle at the time of the collision. Respondents initiated disciplinary proceedings against petitioner pursuant to Town Law § 155 and the disciplinary procedures outlined in the police manual, which was adopted by resolution of respondent Town Board of the Town of Tonawanda (Town Board). Respondents now appeal from a judgment that, inter alia, granted the petition. We modify the judgment by denying the petition in part, vacating that part of the judgment prohibiting respondents from conducting disciplinary proceedings pursuant to Town Law § 155 and that part directing respondents to abide by Civil Service Law § 75 and the collective bargaining agreement regarding disciplinary issues, and by reinstating the amended charges against petitioner.
Initially, we agree with respondents that Supreme Court erred in granting that part of the petition seeking a determination that the police manual was not properly adopted by the Town Board pursuant to Town Law § 155. Town Law § 155 states that "[t]he town board shall have the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges" against members of the town police department. Here, although the police manual does not specifically reference Town Law
§ 155, the police manual contains language that mirrors that statute. Thus, the police manual invokes the Town Law and, contrary to the court's determination, the lack of any specific reference to section 155 in the police manual does not mean that the police manual was not adopted pursuant to that section of the Town Law, and does not preclude respondents from using the procedures set forth in the police manual (see generally Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836], 84 AD3d 968, 971 [2d Dept 2011], affd 19 NY3d 1066 [2012]; Matter of Koonz v Corrigan, 117 AD2d 912, 914 [3d Dept 1986], lv denied 68 NY2d 602 [1986]).
Furthermore, Town Law § 155 does not specify the methods to be used by a town board when adopting rules and regulations regarding police discipline, and thus the statute does not require that police disciplinary procedures be adopted by passing a local law rather than a resolution (see generally Matter of City of Schenectady v New York State Pub. Empl. Relations Bd., 30 NY3d 109, 114-117 [2017]; Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836], 19 NY3d 1066, 1069 [2012]). As petitioners correctly concede, town boards may act by adopting local laws or resolutions, and the Town Board adopted the 2019 police manual for the 2019 calendar year by resolution. 
Inasmuch as we agree with respondents that the disciplinary procedures set forth in the police manual are controlling, we further agree with respondents that the court erred in directing them to resolve petitioner's disciplinary proceedings pursuant to Civil Service Law § 75 and the CBA (see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 570 [2006]). To the extent that the police manual contains references to Civil Service Law § 75, it is well settled that section 75 did not repeal or modify Town Law § 155 (see Town of Wallkill, 19 NY3d at 1069; Patrolmen's Benevolent Assn. of City of N.Y., Inc., 6 NY3d at 573). Indeed, "Civil Service Law § 76 (4) states that '[n]othing contained in section [75] or [76] of this chapter shall be construed to repeal or modify any general, special or local' preexisting laws" (Town of Wallkill, 19 NY3d at 1069; see City of Schenectady, 30 NY3d at 114-116), and Town Law § 155, which gives towns the power and authority to adopt rules regarding police discipline, was enacted prior to Civil Service Law §§ 75 and 76 (see Town of Wallkill, 19 NY3d at 1069). Thus, where, as here, a town board has adopted disciplinary rules pursuant to Town Law § 155, those rules are controlling and Civil Service Law § 75 and any collective bargaining agreement are inapplicable (see id.). Inasmuch as respondents have the authority to initiate disciplinary proceedings pursuant to Town Law § 155, we further conclude that the court erred in granting that part of the petition seeking dismissal of the amended charges against petitioner (see generally id.).
Finally, we reject respondents' contention that the court erred in reinstating petitioner's salary and benefits. Section A-15 of the adopted police manual states that, "[p]ending the hearing and determination of charges of incompetency or misconduct, an officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty (30) days." Inasmuch as more than 30 days had elapsed since petitioner's suspension on February 13, 2019, the court properly directed respondents to reinstate petitioner's salary and benefits nunc pro tunc.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court